WILLIAM TAYLOR, Respondent, *v.* ENOCH MORGAN'S SONS COMPANY, Appellant.

Plaintiff, who had been for a number of years a traveling salesman over a certain route, and who had been in defendant's employ under an oral agreement to sell its goods on commission, he to have the exclusive right to sell over that route without interference by the company or its salesmen, entered into a written agreement with it by which he agreed to travel over said route, which was termed in the contract "his route," at least six times a year, representing and selling defendant's goods and selling no other goods to conflict with them; defendant agreed to pay him for his services a commission on all orders accepted from *bona fide* purchasers, the commission on new trade to be double that allowed on the regular trade. Plaintiff entered upon his duties under the agreement and continued to discharge them until the agreement was terminated. In an action to recover commissions unpaid, it appeared that some of the orders accepted by the defendant came directly to it from the persons making them and some were taken by other employes of the company, also that orders were received from responsible parties which were not accepted by defendant. The referee allowed plaintiff commissions on all accepted orders made by parties on the line of his route with certain exceptions specified in the contract, and also upon such unaccepted orders. *Held,* no error, that the commissions were not limited to orders obtained and received by plaintiff; and that defendant had no right arbitrarily and without cause to reject orders from *bona fide* purchasers.
Reported below, 48 Hun, 483.

(Argued December 15, 1890 ; decided January 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department entered upon an order made May 18, 1888, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Austen G. Fox* for appellant. The referee erred in excluding evidence tending to show the sense in which the contracting parties used certain of the terms found in the written agreement. (*Agawam Bank* v. *Strever,* 18 N. Y. 502, 510, 511 ; *Goodrich* v. *Stevens,* 5 Lans. 230, 231 ; *Walrath* v. *Thompson,* 4 Hill, 200, 201 ; *Miller* v. *Stevens,* 100 Mass. 518, 521, 522 ;

*Ganson* v. *Madigan*, 15 Wis. 144, 153, 154; *U. T. Co.* v. *Whiton*, 97 N. Y. 172; *M. P. Co.* v. *Moore*, 104 id. 680; *Hart* v. *Hammet*, 18 Vt. 127; *Keller* v. *Webb*, 125 Mass. 88; *Foote* v. *Beecher*, 78 N. Y. 155, 157.) The referee allowed the plaintiff the sum of $276.51 upon orders not accepted by the defendant; this was erroneous. (*Keller* v. *Webb*, 125 Mass. 88.)

*Wm. H. Hamilton* for respondent. The contract must receive a reasonable construction. It did not give the company the right, arbitrarily, to reject an order without some good and sufficient reason. (*Stewart* v. *Marvel*, 101 N. Y. 357.) The exceptions taken by defendant to the rulings of the referee, which excluded, for the time being, oral statements and claims said to have been made by the plaintiff and Simonds at the time of the making of the contract are untenable. (*Englehorn* v. *Reitlinger*, 33 N. Y. S. R. 275.) The court must be satisfied, upon examination of the whole case, that the appellant was prejudiced by the admission of evidence to warrant a reversal. (*McGean* v. *M. R. R. Co.*, 117 N. Y. 219.)

HAIGHT, J. This action was brought to recover commissions claimed to be due from the defendant on sales of merchandise. The claim was based upon a written contract; and the principal question brought up for review involves the interpretation of the contract.

The plaintiff had been for a number of years a traveling salesman for Colgate & Co., through the states of New York, New Jersey and Pennsylvania. The defendant was engaged in the manufacture and sale of soaps of various kinds, including sapolio.

The plaintiff first entered the employment of the defendant under an oral agreement whereby he was to represent and sell the defendant's laundry soaps and sapolio throughout the states of New York, New Jersey and Pennsylvania, and to receive therefor as compensation, commissions on the *defendant's* sales in those states. It was further understood that he was to have

the exclusive right to represent and sell the defendant's soaps in those states, and that he should not be interfered with by the company or its salesmen.

After serving the defendant nine months under this agreement a controversy arose, and the employment thereunder was terminated. A settlement, however, was agreed upon and the contract under consideration executed. It is in the form of a letter addressed to the plaintiff by the secretary of the defendant, with the acceptance of the plaintiff written thereunder. The material portion necessary to consider upon this review is as follows :

"NEW YORK, *December* 22, 1881.

" WILLIAM TAYLOR, Esq., Present,

" DEAR SIR — Having determined and settled all differences between yourself and this company by placing to your credit five hundred dollars on December 1st, we herein confirm the understanding as to the future from that date, viz. :

" You are to travel over your route in this state, New Jersey and Pennsylvania at least six times per year, and represent and sell our brands of laundry soap, sapolio, and other goods, paying your own expenses, handling no other goods to conflict with ours, to conduct yourself and the business in a manner to our general satisfaction, for which we agree to pay you a commission *upon all orders* accepted from *bona fide* purchasers, as follows, viz. : On all laundry soaps sold at a price of not less than three and three-fourths cents per pound of ten per cent ; on all sapolio sold to trade not heretofore sold by us, ten per cent ; on all sapolio to our regular trade, outside of this city, Brooklyn and certain parties in Newark, five per cent ; and on other goods and sales as may be agreed upon between us."

The referee has found as facts that the plaintiff entered upon his duties under this agreement ; that he traveled to and through the places mentioned, introduced and sold large quantities of soap, sapolio and sal-soda, and continued in the discharge of his duties until about the 1st day of January, 1884, when the agreement was terminated. It was also found that some of

the orders accepted by the defendant came directly to it from the individuals making the order, and that some were taken by other employes of the company.

The referee held that the plaintiff was entitled to recover commissions on all orders made by parties on the line of his route in the states named outside of the territories excepted by the provisions of the contract, for which he gave judgment for the balance due. On the part of the defendant it was claimed that he was only entitled to commissions on orders taken by him and forwarded to the company.

It will be observed that under the provisions of the contract the plaintiff was required to travel over his route in the three states named, at least six times per year, and represent and sell the defendant's goods, he paying his own expenses. His entire reward for the services rendered was in the commissions which the defendant agreed to pay him. He had for many years been engaged in a similar business for Colgate & Co., had a line of acquaintances and customers, and it became his duty to use his best endeavors to extend the defendant's trade, introducing its soaps, sapolio and other goods to the dealers with whom he should be acquainted. He was to be paid commissions "upon *all* orders accepted from *bona fide* purchasers." This language is broad and sufficient to support the contention of the respondent. Had it been the intention of the defendant to limit his commissions to orders obtained and received from him, apt words, clearly expressing that intent, would doubtless have been used. The route was specified as *his*, and under the previous contract, as we have seen, he was given the exclusive right to sell without interference by the company or its salesmen. On sapolio sold to the trade, not previously sold by the defendant, he was to have a commission of ten per cent, whilst on the sapolio sold to the regular trade of the defendant, he was to have but five per cent ; thus clearly indicating an intention to allow commissions upon the old as well as the new trade. The plaintiff could hardly be expected to drum up customers at his own expense without receiving any benefit from sales made to such.

The wording of the contract is such as to lead us to conclude that the interpretation adopted by the referee expressed the intention of the parties, and that the same should be approved.

It is contended on the part of the appellant that the court improperly admitted oral evidence on the part of the plaintiff tending to explain the provisions of the agreement, and excluded such evidence offered on behalf of the defendant. Evidence of this character, when first offered by the defendant, was excluded and an exception taken; but, as we understand, the evidence so excluded was subsequently given, thus curing the defect, if any. We do not understand the provisions of the contract to be so ambiguous as to make oral testimony necessary in order to explain its meaning, and we quite agree with the General Term that all of the evidence taken upon this branch of the case might have been properly excluded; but we do not see how harm has resulted to the defendant, for without the evidence we should be compelled to reach the same conclusion in reference to the meaning of the contract.

The referee allowed the plaintiff commissions upon orders from responsible parties, which were not accepted by the defendant. We incline to the view that it was the duty of the defendant to accept all orders presented by the plaintiff from *bona fide* purchasers, which were made in accordance with the provisions of the contract, and that they did not have the right, without cause, to arbitrarily refuse to accept such orders. Such a construction of the contract would require the plaintiff to travel over the territory mentioned, at his own expense, six times a year, with a right on the part of the defendant to reject every order presented by him, and to thus deprive him of any commissions.

Other exceptions have been presented and considered, but none appear which render a new trial necessary.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.