Michael M. Martocci, Appellant, *v.* The Greater New York Brewery, Inc., Respondent.

Argued February 23, 1950; decided May 25, 1950.

*John F. X. Finn, Joseph F. Ruggieri, Francis M. Verrilli, C. J. Pernicone* and *Joseph J. Lombardo* for appellant. I. Assuming that the Statute of Frauds requires a writing in the case at bar, and that the writings signed by defendant do not state the consideration for defendant's explicit and admitted written promise, the law is clear that where plaintiff's consideration was furnished in its entirety prior to the signing of the writings by defendant, the Statute of Frauds is satisfied by defendant's signature over his express and definite promise, notwithstanding the fact that the writings do not mention plaintiff's past consideration. (*Drake v. Seaman,* 97 N. Y. 230; *Standard Oil Co. of N. Y. v. Koch,* 260 N. Y. 150; *Schechner v. Zipser,* 89 N. Y. S. 2d 354; *Hedeman v. Fairbanks, Morse & Co.,* 286 N. Y. 240; *Rubin v. Dairymen's League Co-op. Assn.,* 284 N. Y. 32; *Marie v. Garrison,* 83 N. Y. 14; *Grundt v. Shenk,* 222 App. Div. 82, 248 N. Y. 602; *Miller v. McKenzie,* 95 N. Y. 575; *Grossman v. Schenker,* 206 N. Y. 466.) II. The Statute of Frauds does not require any writing at all for a promise by X company to pay to Y commissions upon all future sales made by X company to Z company, especially where X company and Z company are free to discontinue business relations forever within a year, without obligation to Y. Such a contract is not one which by its terms " is not " to be performed within a year from the making thereof. It is pos-

sible of performance within a year and thus does not fall within the negative above quoted from Personal Property Law (§ 31, subd. 1). (*Cohen* v. *Bartgis Bros. Co.,* 264 App. Div. 260, 289 N. Y. 846; *Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.,* 19 N. Y. 305; *Kent* v. *Kent,* 62 N. Y. 560; *Warren Chemical & Mfg. Co.* v. *Holbrook,* 118 N. Y. 586; *Blake* v. *Voigt,* 134 N. Y. 69; *Jacobson* v. *Jacobson,* 268 App. Div. 770; *Newkirk* v. *Bradley & Son,* 271 App. Div. 658; *Scanlon* v. *Henie,* 264 App. Div. 913; *Marks* v. *Cowdin,* 226 N. Y. 138.)

*Abraham Rotwein* for respondent. I. Plaintiff failed to prove a cause of action for breach of contract. (*Brocia* v. *Romeo & Co.,* 240 N. Y. 233; *Lamphere* v. *Lang,* 213 N. Y. 585; *Meredith* v. *Canaday,* 230 App. Div. 733; *Meltzer* v. *Flying Fame, Inc.,* 224 App. Div. 41; *Syracuse Reduction & Mfg. Co.* v. *City of Syracuse,* 172 App. Div. 224; *Miller* v. *Long Island R. R.,* 71 N. Y. 380; *United Press* v. *New York Press Co.,* 164 N. Y. 406; *Drake* v. *Seaman,* 97 N. Y. 230; *National Citizens' Bank* v. *Toplitz,* 178 N. Y. 464.) II. The alleged contract proved by plaintiff is void for lack of consideration. (*Schlegel Mfg. Co.* v. *Cooper's Glue Factory,* 231 N. Y. 459; *Chicago & G. E. R. R. Co.* v. *Dave,* 43 N. Y. 240; *O'Meara Co.* v. *National Park Bank,* 239 N. Y. 386; *Carpenter* v. *Taylor,* 164 N. Y. 171.) III. The contract is unenforcible because of the Statute of Frauds. (*Cohen* v. *Bartgis Bros. Co.,* 264 App. Div. 260, 289 N. Y. 846; *Elsfelder* v. *Cournand,* 270 App. Div. 162; *Hooke* v. *Petroleum Heating & Power Co.,* 65 N. Y. S. 2d 115; *Droste* v. *Harry Atlas Sons,* 145 F. 2d 899; *Fish Clearing House* v. *Melchor, Armstrong, Dessau Co.,* 174 Wash. 539; *O'Brien* v. *O'Neill,* 271 App. Div. 647.) IV. The two letters do not constitute a sufficient memorandum to satisfy the Statute of Frauds. (*Drake* v. *Seaman,* 97 N. Y. 230; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310; *Berman Stores Co.* v. *Hirsh,* 240 N. Y. 209; *Standard Oil Co. of N. Y.* v. *Koch,* 260 N. Y. 150.)

FROESSEL, J. The action is in contract for the recovery of commissions. The complaint as amended at the trial alleged an oral agreement whereby, in consideration of the introduction of the defendant by plaintiff to P. Lorillard Company,

defendant agreed " to pay the plaintiff a commission of five (5%) per cent on all sales made by the defendant to P. Lorillard Company and paid for by them ", which agreement was " supplemented by the two letters of April 27, 1942, and August 26, 1942 ". The answer admitted that defendant sold syrup to Lorillard, and in a separate defense alleged an agreement between the parties " whereby defendant agreed to pay plaintiff a commission of 5% on all sales of syrup made by defendant to said P. Lorillard Company, through the direct effort of said plaintiff."

Defendant rested at the close of plaintiff's case, without cross-examining plaintiff. Both sides thereupon moved for a directed verdict. Plaintiff's motion was granted, the court holding that there was no question of fact for submission to the jury, and that the Statute of Frauds was inapplicable. Judgment was entered in plaintiff's favor for $16,597.80 and costs. The Appellate Division unanimously reversed, and dismissed the complaint on the law, holding that the Statute of Frauds applied and that defendant's letters did not constitute a sufficient memorandum of the oral agreement.

The evidence showed that in April, 1942, while plaintiff was endeavoring to collect a substantial bill for services rendered, defendant's president, an attorney, " brought up the subject " of a syrup which defendant produced. Plaintiff was not permitted to state the substance of that conversation. It appears, however, that, following this conversation, plaintiff received from defendant a gallon sample of syrup, sent it to Lorillard with a letter from plaintiff, and conferred with Lorillard's purchasing agent, who was friendly to plaintiff for about twenty years. Thereafter and on April 27th, plaintiff again spoke to defendant's president, and asked him to put in writing the conversation about the commission that they had talked about two weeks previously, whereupon the following letter on defendant's letterhead was delivered to plaintiff, dated April 27, 1942:

" Dear Mr. Martocci: —

This will confirm our oral agreement with respect to *any sales* of syrup *by us* to P. Lorillard Company:

We will pay you a commission of Five Percent (5%) *on all sales made to this company and paid for by them.* This

Five Percent will be figured on our F.O.B. platform price, exclusive of any deposit which may be made for a container.

Very truly yours,

THE GREATER NEW YORK BREWERY, INC.

LOWELL M. BIRRELL

By: President ''

(Emphasis supplied.)

Prior to that date, defendant had had no business contacts with Lorillard, but, on May 5, 1942, after a test had been made at Lorillard's laboratories, defendant received its first order. Thereafter, carload shipments of the syrup were made in May, June and July, 1942, on March 31, 1943, and until November 25, 1946, aggregating total sales of over $450,000, for all of which Lorillard paid. On August 26, 1942, defendant wrote plaintiff that it had not been favored with additional orders from Lorillard, and concluded:

*'' In view of our arrangements with you,* we have not felt that we should approach Lorillard through our own sales representatives as they work on a commission basis and *in the event any business were forthcoming we would be obligated to pay them as well as you.*

*'' We would appreciate it very much* if you would have a talk with your friends at Lorillard and let us know what you think we should do.'' (Emphasis supplied.)

Between September, 1943, and November, 1944, defendant paid plaintiff $5,025.22 by way of commissions, in seven payments, but failed to make any payments thereafter.

Plaintiff urges (1) that the Statute of Frauds does not apply, and (2), if applicable, the statute was in any event satisfied by the letters aforesaid, since plaintiff's consideration was furnished in its entirety prior to said writings.

In our opinion, the Statute of Frauds applies to this transaction (*Cohen* v. *Bartgis Bros. Co.*, 264 App. Div. 260, affd. 289 N. Y. 846). If the terms of the contract here had included an event which might end the contractual relationship of the parties within a year, defendant's possible liability beyond that time would not bring the contract within the statute. Since, however, the terms of the contract are such that the relationship will continue beyond a year, it is within the statute, even though

the continuing liability to which defendant is subject is merely a contingent one. The endurance of defendant's liability is the deciding factor. The mere cessation of orders from Lorillard to defendant would not alter the contractual relationship between the parties; it would not constitute performance; plaintiff would still be in possession of his contractual right, though it may have no monetary value, immediately or ever.

In an effort to show that the Statute of Frauds has been met, plaintiff urges that his consideration was entirely furnished prior to the execution of the writings, and that the Statute of Frauds is satisfied if the memorandum contains only that portion of the agreement which remains executory, citing *Drake* v. *Seaman* (97 N. Y. 230, 234); *Standard Oil Co. of N. Y.* v. *Koch* (260 N. Y. 150, 154–155); 2 Williston on Contracts ([Rev. ed., with 1946 Supp.], §. 571, pp. 1632–1634). In our view, however, the two letters already referred to meet the requirements of the statute. Although the letter of April 27, 1942, is silent as to the consideration to be furnished by plaintiff except as it may be found " by necessary implication, by inevitable construction ", when defendant's promise to " pay " plaintiff " a commission * * * on all sales " is read in the light of admissions in defendant's answer and " in the light of the relations of the plaintiff and the defendant and the other circumstances recognized by both when the promise was made " (*Stulsaft* v. *Mercer Tube & Mfg. Co.*, 288 N. Y. 255, 258; *Marks* v. *Cowdin*, 226 N. Y. 138, 143), the additional writing of August 26, 1942, clearly establishes the element of consideration furnished by plaintiff. In that writing — prepared by defendant on its own letterhead — its president, a member of the bar, makes no demand that plaintiff comply with any unfulfilled engagement, but, after reciting the lack of orders from Lorillard, uses this unequivocal language: *" In view of our arrangements with you,* we have not felt that we should approach Lorillard through our own sales representatives as they work on a commission basis and *in the event any business were forthcoming we would be obligated to pay them as well as you."* (Emphasis supplied.)

Here is clear recognition that defendant is now obligated to pay plaintiff, even though it approach Lorillard through its own sales representatives working on a commission basis, and

certainly this language is tantamount to an acknowledgment that plaintiff has furnished the consideration for defendant's promises. Under these circumstances, we have more than a statement in writing as to what plaintiff was required to do; we have in effect a written acknowledgment that plaintiff has performed. The peril of perjury and error is no longer present when the promisor acknowledges in writing that the promisee has performed.

Subdivision 3 of section 33 of the Personal Property Law has no application here. The oral agreement did not contemplate a past consideration, and the writings constituted a sufficient memorandum of the agreement. Nor was there lack of mutuality. The whole transaction before us is instinct with the inference that plaintiff's work was done when he, by reason of personal and/or business friendship and association, had induced Lorillard's purchasing agent to take the syrup, thereby furnishing defendant with a new customer whom it sought. Had plaintiff been unsuccessful, he would have received nothing. His situation was no different from that of the ordinary brokerage transaction, where the broker is not bound to procure a customer, but is entitled to a commission when he succeeds.

While the trial court was in error in holding that the Statute of Frauds was inapplicable here, it was right in directing a verdict for plaintiff. The writings spoke for themselves and their construction was for the court. There was no dispute as to what plaintiff did under the contract; indeed, he was not even cross-examined, nor did defendant offer any testimony to contradict him. Defendant admitted its obligation in the August letter. There were no issues of fact to be submitted to the jury.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment accordingly. [See 301 N. Y. 662.]