NAT NAL SERVICE STATIONS, INC., Respondent, *v.* HENRY WOLF et al., Appellants.

First Department, December 18, 1951.

*Milton H. Spiero* of counsel (*Samuel Finkelstein,* attorney), for appellants.

*Jerome A. Strauss* of counsel (*Strauss & Abrahams,* attorneys), for respondent.

CALLAHAN, J. The sole question on this appeal is whether the contract in suit is void and unenforcible under the Statute of Frauds (Personal Property Law, § 31, subd. 1).

On July 21, 1938, it is claimed that the parties entered into an oral agreement wherein and whereby the defendants promised and agreed that so long as the plaintiff purchased its requirements for gasoline through the defendants, and the defendants accepted such orders, the defendants would pay to the plaintiff an amount equal to the discount allowed to the defendants on

each gallon by the source of supply. It is alleged that the plaintiff purchased 907,115 gallons of gasoline through the defendants during the years 1938–1948 so as to be entitled to the sum of $9,071.15 under the contract.

The defendants rely on the Statute of Frauds as a defense on the ground that the oral agreement is incapable of performance within a year (Personal Property Law, § 31, subd. 1).

The plaintiff, however, says that the agreement is not within the bar of the statute, because it is a contract at will and by its terms does not necessarily extend beyond one year from its making. In this connection it is contended that the defendants' liability would arise only if the plaintiff saw fit to order its requirements through the defendants and the latter saw fit to accept such orders.

We agree with the defendants that the oral agreement in this case is within the Statute of Frauds as being incapable of performance within a year. An oral contract of indefinite duration and not including an event which might end the contractual relationship of the parties within a year comes under the condemnation of the statute. (See *Martocci* v. *Greater New York Brewery*, 301 N. Y. 57; *O'Brien* v. *O'Neill*, 271 App. Div. 647, motion for leave to appeal denied 296 N. Y. 1059; *Elsfelder* v. *Cournand*, 270 App. Div. 162; *Cohen* v. *Bartgis Bros. Co.*, 264 App. Div. 260, affd. 289 N. Y. 846; see, also, 16 Ford. L. Rev. 95.)

The present contract is not similar to one of indefinite hiring, which is said to be terminable at will and thus not within the Statute of Frauds. We are dealing with an agreement under which the plaintiff had the right to place orders for its gasoline needs with the defendants, whenever it saw fit, and receive a discount if, and when, such orders were accepted by the defendants. The essence of the agreement is one of continuing right for indefinite duration and not dependent upon the action of the parties with respect to the giving and acceptance of particular orders. Though the defendants' liability might be contingent upon acceptance of a particular order from the plaintiff, the contractual obligation to allow the discount would endure for an indefinite period irrespective of the action taken on any such order.

We have no occasion to pass on any question as to the enforcibility of the contract as an executory agreement lacking mutuality of obligation.

In respect to the element of duration we think that the contract in suit is quite similar to the one in *Cohen* v. *Bartgis Bros. Co.* (264 App. Div. 260, affd. 289 N. Y. 846, *supra*). There

the plaintiff sued for commissions to be paid by the defendant on all orders placed by the plaintiff's customer at any time whether or not the plaintiff was in the defendant's employ at the time of such orders. This court held that the contract violated the Statute of Frauds, and said (p. 261): "It is true that if Resolute Paper Products Corp. should place no orders with the defendant within the year, no commissions would be earned, but the defendant's contract would not thereby have been ' performed,' for it would then apply to any orders that might be accepted in succeeding years. (2 Williston on Contracts [Rev. ed.], § 500.) Unlike contracts which require the performance of a single act which may or may not be executed within a year, the contract here requires the defendant, for an unlimited period of time, to pay commissions on orders accepted from Resolute Paper Products Corp. and, therefore, is impossible of performance within a year."

The *Cohen* case (*supra*) was cited with approval in *Martocci* v. *Greater New York Brewery* (301 N. Y. 57, *supra*), in which suit was brought on an oral agreement for commissions in consideration of the defendants' introduction of the P. Lorillard Company to the plaintiff. It was the plaintiff's claim that the defendant agreed to pay commissions on all sales made to the Lorillard Company and paid for by them. The Court of Appeals held that such a contract came within the Statute of Frauds, and said (pp. 62–63): " If the terms of the contract here had included an event which might end the contractual relationship of the parties within a year, defendant's possible liability beyond that time would not bring the contract within the statute. Since, however, the terms of the contract are such that the relationship will continue beyond a year, it is within the statute, even though the continuing liability to which defendant is subject is merely a contingent one. The endurance of the defendant's liability is the deciding factor. The mere cessation of orders from Lorillard to defendant would not alter the contractual relationship between the parties; it would not constitute performance; plaintiff would still be in possession of his contractual right, though it may have no monetary value, immediately or ever."

In *O'Brien* v. *O'Neill* (271 App. Div. 647, *supra*) we held a contract barred by the statute where the plaintiff pleaded an oral promise by the defendant to pay commissions on contracts for guard service supplied to customers obtained by the plaintiff. The commissions were alleged to be payable " as long as " such customers continued to do business with the defendant. The record on appeal in the *O'Brien* case discloses that the plain-

tiff claimed a hiring at will, and that the contracts between his customers and the defendant also contained thirty-day cancellation clauses. Nevertheless, the plaintiff was denied a right of recovery on the ground that the defendant's promise could not be enforced in violation of the Statute of Frauds.

In *Elsfelder* v. *Cournand* (270 App. Div. 162, *supra*) the action was on an oral agreement of employment terminable by either party on thirty days' notice. It was alleged that the defendant agreed to pay commissions after termination of the employment on any orders thereafter received from the plaintiff's customers without limitation of time. We held that such an agreement was unenforcible because of the Statute of Frauds.

In the light of these authorities, we think that the oral agreement in suit as sought to be enforced by the plaintiff was one of indefinite duration, and that it was barred by the Statute of Frauds because incapable of performance within a year, even though any liability under it would be contingent on acceptance of particular orders by the defendants.

We cannot agree with the dissenting view as to the plaintiff's theory of action in this case. The plaintiff is bound by the allegations of his complaint as amplified by the bill of particulars. From the pleadings it is clear that the plaintiff is suing on a single cause of action based upon an oral agreement allegedly made between the parties on July 21, 1938. The plaintiff's right to recover is not grounded on a breach of a series of independent contracts arising over the years each time the defendants accepted his orders for gasoline. Further, if the oral agreement as alleged in the complaint be viewed simply in the light of an invitation for offers to ripen into separate contracts as often as accepted by the defendants, then it is clear that the complaint fails to state a cause of action.

The order appealed from should be reversed, with $20 costs and disbursements to appellants and their motion for summary judgment dismissing the complaint should be granted, and judgment directed to be entered herein dismissing the complaint, with costs.

SHIENTAG, J. (dissenting). Defendants appeal from an order by NATHAN, J., denying their motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint upon the ground that the contract alleged therein is void under the Statute of Frauds (Personal Property Law, § 31, subd. 1) in that the agreement "By its terms is not to be performed within one year from the making thereof  *  *  * ".

Plaintiff, owner of a garage and gas station, alleges that during 1938 it entered into an agreement with the defendants, the terms of which are set forth in the complaint as follows: " Fourth: That heretofore the defendants duly entered into an agreement with the plaintiff, wherein and whereby the defendants promised and agreed to and with the plaintiff that so long as plaintiff purchased from Socony Vacuum Oil Company or the Standard Oil Company or either or both, its requirements for gasoline at its place of business through the defendants and the defendants accepted the same, the defendants would pay to the plaintiff an amount equal to the discount allowed to defendants by said Socony Vacuum Oil Company and Standard Oil Company or either or both of them, on each gallon of gasoline so purchased."

Plaintiff alleges that it purchased a number of gallons of gasoline pursuant to this arrangement for which defendants have not made the stipulated payment.

In support of their motion for summary judgment dismissing the complaint as setting forth an oral agreement violative of the Statute of Frauds, defendants placed chief reliance upon the doctrine of *Cohen* v. *Bartgis Bros. Co.* (264 App. Div. 260 [1st Dept., 1942], affd. 289 N. Y. 846 [1942]), which was cited with approval by the Court of Appeals in *Martocci* v. *Greater New York Brewery* (301 N. Y. 57 [1950]). In the *Cohen* case the plaintiff, a salesman, sued his employer for commissions " ' upon all orders placed by Resolute Paper Products Corp., at any time, whether or not plaintiff was in defendant's employ at the time of the placing of such orders.' " (P. 260.) As the court there pointed out, although the defendant could obviate any necessity to pay commissions to the plaintiff by refusing to accept orders from the customer, such refusal, however long continued, would in no way affect defendant's obligation to pay commissions should it at some time in the future accept such an order. Therefore the obligation placed upon the defendant under the oral contract was one which would continue so long as defendant and the Resolute Paper Products Corp. existed. While the dissolution or retirement from business of either of these concerns would terminate the contract, and such event might occur within one year, the court pointed out that termination is not performance where there is no provision permitting either of the parties to terminate as a matter of right. In the present case, however, it is clear that both parties can terminate their obligations as a matter of right.

Although the agreement here sued upon is set forth in the complaint as though it were a single contract, it is readily apparent that in effect, the plaintiff is suing to recover damages for breach of a series of independent contracts. The promise by the defendants set forth in the complaint certainly did not constitute a contract since the plaintiff made no promise nor was under any obligation to do anything. Indeed, the defendants' promise may not even have constituted an offer, since he reserved the right not to accept any order placed by the plaintiff. Even if considered an offer, it was at most one looking to a series of independent unilateral contracts, either party having at any time the right to terminate that series.

What we have here was simply an invitation by the defendants to the plaintiff to make offers looking towards separate contracts by placing with the defendants orders for gasoline from the two oil companies mentioned above. Upon acceptance by the defendants of each order for gasoline, a single contract was created under which the defendants were obligated to pay to the plaintiff the specified discount. Each order placed and accepted created a single independent contract. Neither party was under any contractual obligation to enter into any new contract, and with respect to any projected new contract both parties retained the power to bargain fully concerning its terms. Thus, if the defendants were to advise the plaintiff at any time that acceptance of future orders would no longer involve any contractual obligation to pay the discount, that communication would effectively eliminate all such liability for future orders. This fact fundamentally distinguishes this case from the *Cohen* case (*supra*) where the defendant could in no way avoid liability on any accepted orders from the named customers.

Since plaintiff is suing to recover on the basis of a series of independent contracts each consisting of a single offer and a single acceptance, and since it is plain that such contracts were individually capable of performance within one year, I am of the opinion that the Statute of Frauds is not here applicable.

Peck, P. J., Dore and Van Voorhis, JJ., concur with Callahan, J.; Shientag, J., dissents in opinion.

Order reversed, with $20 costs and disbursements to appellants and the motion for summary judgment granted, and judgment is directed to be entered dismissing the complaint, with costs. Settle order on notice.