NAT NAL SERVICE STATIONS, INC., Appellant, *v.* HENRY WOLF et al., Respondents.

Submitted April 21, 1952; decided July 15, 1952.

*Jerome A. Strauss* for appellant. I. The Statute of Frauds is not a defense. (*Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 305; *Kent* v. *Kent*, 62 N. Y. 560; *Warren Chemical & Mfg. Co.* v. *Holbrook*, 118 N. Y. 586; *Blake* v. *Voigt*, 134 N. Y. 69; *Spector Co.* v. *Serutan Co.*, 60 N. Y. S. 2d 212, 270 App. Div. 993; *Ward* v. *Hasbrouck*, 169 N. Y. 407; *Van Woert* v. *Albany & Susquehanna R. R. Co.*, 67 N. Y. 538; *International Ferry Co.* v. *American Fidelity Co.*, 207 N. Y. 350; *Brown* v. *Babcock*, 265 App. Div. 596; *Scanlan* v. *Henie*, 264 App. Div. 913; *Rochester Folding Box Co.* v. *Browne*, 55 App. Div. 444, 179 N. Y. 542; *Berth* v. *Knapp Co.*, 215 App. Div. 693; *Suren* v. *Handel*, 205 App. Div. 829; *Adams* v. *Fitzpatrick*, 125 N. Y. 124; *Hedeman* v. *Fairbanks, Morse & Co.*, 286 N. Y. 240.) II. There should be summary judgment in favor of plaintiff. (*Zurich Gen. Accident & Liability Ins. Co.* v. *Bethlehem Steel Co.*, 279 N. Y. 495.)

*Milton H. Spiero* and *Samuel Finkelstein* for respondents. The contract relied on is void and unenforcible under the Statute of Frauds. (*Martocci* v. *Greater New York Brewery*, 301 N. Y. 57; *Cohen* v. *Bartgis Bros. Co.*, 264 App. Div. 260, 289 N. Y. 846.)

CONWAY, J. This is an action to recover upon an agreement which is set out in the following paragraph of the complaint. " FOURTH: That heretofore the defendants duly entered into an agreement with the plaintiff, wherein and whereby the defendants promised and agreed to and with the plaintiff that so long as plaintiff purchased from Socony Vacuum Oil Company or the Standard Oil Company or either or both, its requirements for gasoline at its place of business through the defendants and the defendants accepted the same, the defendants would pay to the plaintiff an amount equal to the discount allowed to defendants by said Socony Vacuum Oil Company and Standard Oil Company or either or both of them, on each gallon of gasoline so purchased."

The defendants answered, denying each and every allegation of the paragraph quoted, and pleaded as a separate defense, that the oral agreement alleged " by its terms was not to be performed within one year from the making thereof ".

A motion was then made by defendants for summary judgment under rule 113 of the Rules of Civil Practice. The affidavit in support of the motion was made by the individual defendant but surprisingly stated no facts. Since summary judgment dismissing the complaint has been granted, we must look, therefore, to the allegations of the complaint and the affidavit of the president of the plaintiff corporation in opposition to the motion. The portion of that affidavit which is material states the following facts: " The plaintiff has a garage and gas station at 14 Second Avenue, in the Borough of Manhattan, City of New York, for the purpose of the sale of gas thereat. The defendant Wolf and the corporate defendant had an arrangement with various oil companies supplying oil, under which the defendants received a discount or allowance based upon the number of gallons of gasoline purchased by or through them from the companies. In order to obtain a greater allowance, the defendants desired to increase the volume of their orders for gasoline, and hence came to me with the proposition that if I would give my orders for gasoline through them, thereby increasing their volume, they would pay to me an amount equal to the discount received by them from the oil companies upon whatever orders I gave to them, and if they accepted my orders. I did give the defendants orders which they accepted and then transmitted in their name to the oil companies, under which they received a discount of at least one cent a gallon. Throughout the period I purchased from and through them some 907,115 gallons of gasoline, on orders which they accepted * * * ."

Subdivision 1 of section 31 of the Personal Property Law has been so construed as to apply only to agreements which *by their terms* do not admit of performance within one year from the time of their making and if performance be possible within the year, however unlikely or improbable that may be, the agreement does not come within the proscription of the statute. (See, e.g., *Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.,* 19 N. Y. 305; *Warren Chemical & Mfg. Co.* v. *Holbrook,*

118 N. Y. 586; *Blake* v. *Voigt,* 134 N. Y. 69; *Ward* v. *Hasbrouck,* 169 N. Y. 407.)

The agreement alleged here was clearly one at will and for no definite or specific time and thus by its terms did not of necessity extend beyond one year from the time of its making. It is clear from the complaint and affidavit that neither party obligated itself to do anything. Unless and until plaintiff had offered to place an order for gasoline and the defendants had accepted such offer and filled the order, only then did there come into existence a legal obligation, viz., the obligation of defendants to pay the agreed discount. The promise by defendants to allow plaintiff a discount on purchases by plaintiff if made through them did not obligate plaintiff to buy its gasoline requirements through defendants. The plaintiff could have purchased the same gasoline through someone other than defendants. On the other hand if the plaintiff placed an order the defendant was under no obligation to accept it. Neither party was obligated to deal with the other. Each time the plaintiff offered to buy gasoline from defendants and the defendants accepted the offer and sold gasoline, there was concluded a separate contract and there became due from defendants the discount specified, but neither party was ever obligated to enter into another such contract. The discounts received by defendants from the named oil companies as received " became due and owing by the defendants to the plaintiff " and the plaintiff so pleaded in paragraph " SEVENTH " of the complaint. In reality the plaintiff is suing to recover the discounts due from a series of completed and executed, independent contracts. When defendants accepted an order placed by plaintiff they became bound to grant the discount. The acceptance of an order conferred upon plaintiff the right to the discount and imposed upon defendants the duty to pay it to plaintiff. Until and unless an order was offered by plaintiff and accepted by defendants, neither party had any rights or duties. As has been indicated above by the terms of the alleged oral agreement defendants could at any time refuse to accept an order and thereby avoid payment of a discount. On the other hand plaintiff was not obligated at any time to place any orders with defendants. Since neither party was under any contractual obligation to enter into a new contract with respect to each succeeding order

for gasoline it seems quite clear, in the words of the dissenting Justice below, that " both parties retained the power to bargain fully concerning its [a future order] terms." (279 App. Div. 206, 211.) Thus defendants were free at any and all times to discontinue payment of a discount either by refusing to accept an order or by notification to plaintiff that thenceforth no discounts would be paid. Plaintiff was at all times free to place all its orders for gasoline elsewhere or to notify defendants that no further orders would be offered to them for acceptance. We are confronted with an alleged contract by the terms of which neither party was bound to do anything at any time, and consequently there is nothing in its terms to bring it within the Statute of Frauds.

The cases of *Martocci* v. *Greater New York Brewery* (301 N. Y. 57) and *Cohen* v. *Bartgis Bros. Co.* (264 App. Div. 260, affd. 289 N. Y. 846) referred to below are not to the contrary. In both those cases the allegations in the complaints set forth contracts binding upon the parties for indefinite periods of time. In neither case was any party given the right to terminate the contractual relationship. In the *Martocci* case (pp. 60–61) the complaint, as amended, alleged an oral agreement, later supplemented by writings, whereby " in consideration of the introduction of the defendant by plaintiff " to a large and well-known corporation, defendant agreed " to pay the plaintiff a commission of five (5%) per cent on all sales made by the defendant " to such corporation and paid for by it. The contract had been fully executed by the plaintiff and there was nothing further for him ever to do. We said (301 N. Y. 60, 62–63) : " In our opinion, the Statute of Frauds applies to this transaction (*Cohen* v. *Bartgis Bros. Co.*, 264 App. Div. 260, affd. 289 N. Y. 846). If the terms of the contract here had included an event which might end the contractual relationship of the parties within a year, defendant's possible liability beyond that time would not bring the contract within the statute. Since, however, the terms of the contract are such that the relationship will continue beyond a year, it is within the statute, even though the continuing liability to which defendant is subject is merely a contingent one. *The endurance of defendant's liability is the deciding factor.* The mere cessation of orders from Lorillard to defendant would not

alter the contractual relationship between the parties; it would not constitute performance; plaintiff would still be in possession of his contractual right, though it may have no monetary value, immediately or ever.'' (Emphasis supplied.) In the case at bar neither party had any contracual right which had any duration in time.

The *Cohen* case (*supra*) is, in substance, the same as the *Martocci* case (*supra*). The plaintiff, a commission salesman, was employed by the defendant. Plaintiff alleged that in 1938, the defendant orally agreed to pay him commissions based upon all orders placed by Resolute Paper Products Corp., a customer procured by the plaintiff, at any time whether or not the plaintiff was in the defendant's employ at the time of the placing of the orders. According to the allegations in the complaint the defendant had agreed to sell to Resolute Paper Products Corp. the requirements of cake boxes for the account of the procured customer, Cushman & Sons, Inc. In holding that the contract was unenforcible as being within the Statute of Frauds the court said (264 App. Div. 260, 261): '' We are mindful of the rule that contracts which admit of performance within a year, though unlikely to be thus performed, are not within the statute. [Citing cases.] But the contract here is of a different character, for not only is it of indefinite duration but, by its terms, an obligation is imposed on the defendant which continues so long as the defendant and Resolute Paper Products Corp. exist. It is true that if Resolute Paper Products Corp. should place no orders with the defendant within the year, no commissions would be earned, but the defendant's contract would not thereby have been ' performed,' for it would then apply to any orders that might be accepted in succeeding years. * * * Unlike contracts which require the performance of a single act which may or may not be executed within a year, the contract here requires the defendant, for an unlimited period of time, to pay commissions on orders accepted from Resolute Paper Products Corp. and, therefore, is impossible of performance within a year.''

The obligation placed upon the defendant under the oral contract in the *Cohen* case (*supra*) was one which would continue as long as the defendant and Resolute Paper Products Corp. were in existence. The defendant did not possess the right to terminate the contract as a matter of right and could

in no way avoid liability on orders placed by the Resolute Pape<sup>r</sup> Products Corp. which it was bound to accept. (See *Taylor* v. *Morgan's Sons Co.*, 124 N. Y. 184, and *Hedeman* v. *Fairbanks, Morse & Co.*, 286 N. Y. 240, 250, discussed later herein.)

In both the *Martocci* and *Cohen* cases (*supra*) *the plaintiff salesmen had executed their parts of the respective contracts.* In the *Martocci* case the plaintiff's performance constituted the introduction of the defendant to the customer, and in the *Cohen* case the plaintiff performed his part of the contract by having procured the customer for the defendant. In both those cases the performance by the respective plaintiffs under the alleged oral agreement constituted the consideration necessary to impose a binding obligation upon the defendants to carry out their part of the contracts, in accordance with their promises, by paying the plaintiffs commissions on all sales to the customers whenever made. (*Rubin* v. *Dairymen's League Co-op. Assn.*, 284 N. Y. 32.) The sole question considered and passed upon in the *Cohen* case was whether the contract " by its terms is [was] not to be performed within one year from the making thereof." (264 App. Div. 260, 261, affd. 289 N. Y. 846.) In neither the *Martocci* case nor the *Cohen* case could the defendant escape contractual obligation to the plaintiffs to pay commissions upon sales to the customer procured by the plaintiff. The plaintiffs' right to commissions in those two cases was not dependent upon any act of the plaintiffs or the defendants, as here, but was wholly dependent upon the act of the third party, the procured customer. Any time the customer placed an order which the defendants were in good faith bound to accept they had to pay the plaintiffs the commission called for. If the customer did not place an order until more than a year after the contract was entered into the defendants would still be under a contractual obligation to pay the plaintiffs their commissions on any subsequent orders. The defendants could not avoid their contractual obligations by refusing to accept orders from the customers procured by the plaintiffs. In *Taylor* v. *Morgan's Sons Co.* (124 N. Y. 184, 186, *supra*), an action was brought by the plaintiff to recover commissions under a written agreement whereby the plaintiff was to be paid commissions " upon all orders accepted from bona fide purchasers ". This court said **(p. 188): " The referee allowed the plaintiff commissions upon**

orders from responsible parties, which were not accepted by the defendant. We incline to the view that it was the duty of the defendant to accept all orders presented by the plaintiff from bona fide purchasers, which were made in accordance with the provisions of the contract, and that they did not have the right, without cause, to arbitrarily refuse to accept such orders. Such a construction of the contract would require the plaintiff to travel over the territory mentioned, at his own expense, six times a year, with a right on the part of the defendant to reject every order presented by him, and to thus deprive him of any commissions.''

We have also said in *Hedeman* v. *Fairbanks, Morse & Co.* (286 N. Y. 240, 250, *supra*), that a salesman's right to commissions for services rendered could not be defeated by the arbitrary refusal of his employer to accept orders from the customer procured by the salesman.

The possible dissolution or retirement from business of a defendant or a customer in the *Martocci* and *Cohen* cases (*supra*) did not take those cases out of the Statute of Frauds. In the *Cohen* case the Appellate Division said (264 App. Div. 260, 261): '' It is suggested that Resolute Paper Products Corp. or the defendant might retire from business or dissolve within a year, in which event the contract would be impossible of further performance and thus would terminate. But ' termination is not performance, but rather the destruction of the contract   *   *   * where there is no provision authorizing either of the parties to terminate as a matter of right.' (*Blake* v. *Voigt,* 134 N. Y. 69.) ''

Here, neither party has, nor is it possible for them under the terms of the alleged agreement, to furnish consideration through performance which will bind the other party for a period beyond the offering and acceptance of a particular order. Plaintiff need never perform at all. If plaintiff chooses to perform by placing an order the defendants are not bound to accept it. If defendants perform by acceptance of an order they do not bind themselves as to any future order. It is clear that each order and acceptance is a separate contract and that the parties herein have *performed and executed* a series of contracts.

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

DESMOND, J. (dissenting). The suit is for moneys due under an oral agreement, and defendants have been awarded summary judgment of dismissal, on motion, on the ground that the complaint shows on its face that the agreement sued upon is one which the Statute of Frauds makes unenforcible. For our purposes, the allegations of the complaint are, of course, taken as being true, and so we are limited to the legal question of the enforcibility, under the statute, of the particular contract which the complaint asserts and describes. That such a contract may be invalid for some other reason (such as lack of mutuality of obligation) is beside the point, and beside the point, too, is the fact that there would be no obligation on defendants to pay anything unless and until there were entered into between the parties separate sales transactions whereby plaintiff chose to give defendants, and defendants chose to accept, orders for gasoline. Plaintiff claims under one definite, described, contract whereby, according to plaintiff the parties agreed orally that, so long as plaintiff should purchase from certain oil purchasers, but through defendants, plaintiff's requirements of gasoline, and so long as defendants should accept those orders, defendants would pay plaintiff a certain commission or discount, equal to that received from the producers by defendants, on the quantities of gasoline so purchased by plaintiff. If that oral contract so set forth by plaintiff is, in law, one which '' By its terms is not to be performed within one year '' (Personal Property Law, § 31, subd. 1), then the complaint was properly dismissed.

Regardless of whether, or when, plaintiff gave, or defendants accepted, any orders for gasoline, plaintiff's right to give such orders and defendants' obligation to pay the agreed amount if it accepted any of them, would, by the terms of that treaty, continue for an indefinite time. There was nothing that either party could do, within a year, or within any other agreed-upon period, to bring the arrangement to an end. Putting that in another way: plaintiff, into the indefinite future, would have the right to place orders and collect the discount if any of the orders was accepted, and there was nothing defendants could do, within a year from the making of the deal, to discharge and terminate its obligation. The agreement, therefore, was one,

which under the rule of *Cohen* v. *Bartgis Bros. Co.* (289 N. Y. 846), and *Martocci* v. *Greater New York Brewery* (301 N. Y. 57), was unenforcible because it was not put in writing.

The judgment should be affirmed, with costs.

LEWIS, DYE and FROESSEL, JJ., concur with CONWAY, J.; DESMOND, J., dissents in opinion in which LOUGHRAN, Ch. J., and FULD, J., concur.

Judgment accordingly.