Julius Zupan, Respondent, *v.* Hyman Blumberg et al., Appellants.

First Department, February 24, 1956.

*H. E. Konnoson* of counsel (*Samuel Panzer,* attorney), for appellants.

*Edward Potter* of counsel (*Robert Mishkind,* attorney), for respondent.

*Per Curiam.* On this appeal, the principal contention of defendants is that the alleged contract is violative of the Statute of Frauds.

The answer was amended to include the affirmative defense that the contract was unenforcible under the Personal Property Law (§ 31, subd. 1). The defendants offered no affirmative proof in substantiation of the defense interposed, but rested at the close of the plaintiff's case.

The only proof emanating from the defendants as to the terminal point of the contract is one question and answer read into the record from an examination before trial:

" Question. I gather from the last remark that he was employed at your will?

" Answer. That is correct, as is every other employee of mine. Here again by ' my will ', I mean by the will of my partner and myself. I don't want to sound egotistic."

On cross-examination, by an irresponsive answer to a question seeking to elicit his understanding of the point of termination of the contract, the plaintiff said, " As long as the account was active in the concern ".

While a contract at will might have incidents of indefinite duration bringing it within the proscription of the Statute of Frauds (*Cohen* v. *Bartgis Bros. Co.*, 264 App. Div. 260, affd. 289 N. Y. 846), there was no showing here that plaintiff was to receive payment of commissions on orders placed after the termination of his employment.

The defendants offered no proof to establish that the account could not become inactive within a year. Although Exhibit B indicates orders placed regularly every month, it is evident that the customer could have suspended or ceased placing orders at any time. Therefore, the contract could have been performed within the year, even absent the right of the defendants to terminate at their will. No proof was offered that the plaintiff had been discharged, the employment relationship terminated or that the commissions claimed in this case covered orders placed after the termination of plaintiff's employment.

We are of the view that this case upon the facts falls within the orbit of *Nat Nal Service Stations* v. *Wolf* (304 N. Y. 332).

The judgment should be affirmed.

PECK, P. J., BASTOW, RABIN, COX and FRANK, JJ., concur.

Judgment unanimously affirmed, with costs.

[See *post*, p. 950.]