Sidney A. Fine, J.
On this motion to dismiss the complaint, a stipulation is presented that the oral agreements, upon which both causes of action are based, were not evidenced by a written memorandum signed by defendant or its lawful agent.
The first cause of action is predicated, in part, upon an alleged oral agreement by defendant to pay plaintiff a specified commission, if he obtained the ‘ ‘ Struhl ’ ’ account for defendant, “on all business, done by defendant with ‘Struhl’.” This agreement, by its terms, was not to be performed within one year from the making thereof, because “ Struhl ” might place orders with defendant more than one year after the making of the agreement and defendant would, in that event, be obligated, insofar as plaintiff’s right to commissions is concerned, to accept them. (Nat Nal Service Stations v. Wolf, 304 N. Y. 332, 339; Zupan, v. Blumberg, 2 N Y 2d 547.) Thus defendant’s obligation to pay commissions to plaintiff in connection with the ‘ ‘ Struhl ’ ’ account was to endure for as long as Struhl, not a party to the agreement and not under the control of the parties to the agreement, might choose to place orders with defendant. Such an agreement is within the Statute of Frauds (Zupan v. Blumberg, supra; Cohen v. Bartgis Bros. Co., 264 App. Div. 260, affd. 289 N. Y. 846; Martocci v. Greater N. Y. Brewery, 301 N. Y. 57). The case of Nat Nal Service Stations v. Wolf (supra) is clearly distinguishable, for in that case the opinion of the majority of the divided court was based upon the fact that, under the alleged agreement there involved, the plaintiff might never obtain orders beyond the one-year period, and, even if he did, the defendants were free to reject them without incurring liability to pay the plaintiff a commission upon such rejected orders. In other words, it was in the power of defendants, by not accepting orders from the designated *760 accounts after the one-year period, to avoid any liability to pay plaintiff commissions on said orders. The court, in the Nat Nal case (supra) expressly distinguished Cohen v. Bartgis Bros. Co. (supra) and Martocci v. Greater N. Y. Brewery (supra), on that ground, pointing out that in those cases only the customer, not a party to the alleged contract to pay commissions, had the power to terminate the defendants’ liability under the alleged contracts within the one-year period.
It follows that, to the extent that the first cause of action seeks to recover commissions for orders placed by “ Struhl ” with defendant, which were not solicited and obtained by plaintiff, the Statute of Frauds is a good defense.
It is to be noted, however, that plaintiff also alleges an agreement by defendant (complaint, pars, third and fourth) to pay him specified commissions on all records sold by him and supplied by defendant. This alleged agreement is applicable to records sold by plaintiff to “ Struhl ” as well as on sales by plaintiff to others. Unlike the agreement alleged as to the ‘ Struhl ’ ’ account, this alleged agreement obligated defendant to pay commissions only on records sold by plaintiff, and not on orders placed by designated customers, which orders had not been secured by plaintiff. Said alleged agreement was one at will, which defendant had it in its power to terminate within one year. Defendant’s obligation under said alleged agreement was not to endure for more than one year, unless defendant chose to have it so continue. The agreement alleged in paragraphs third and fourth of the complaint was, therefore, not within the Statute of Frauds, for it is in no way dependent upon proof of the further agreement, alleged to have been subsequently entered into, under which plaintiff, as to the “ Struhl ” account, would be entitled to commissions on orders, placed by “ Struhl ” with defendant, which plaintiff did not solicit or obtain. (See Rathbone v. Mion, 282 App. Div. 797; Posner v. Precision Shapes, 271 App. Div. 435, 439; see, also, Nat Nal Service Stations v. Wolf, 304 N. Y. 332, supra.) Since the first cause of action, therefore, is not within the Statute of Frauds, insofar as it seeks to recover commissions, at the rate agreed upon, for the order alleged in paragraph seventh of the complaint to have been obtained from “ Struhl ” by plaintiff, the motion to dismiss the first cause on the basis of the Statute of Frauds must be denied.
The second, cause of action alleges an agreement to pay plaintiff a specified commission on all sales made by him. This was an agreement at will, similar to the agreement alleged in paragraphs third and fourth of the complaint, which defendant *761 had the power to terminate within one year after the making of the alleged agreement. It is not within the Statute of Frauds, for defendant’s liability was not to endure for more than one year unless defendant elected to have it do so (see cases cited in holding that the agreement alleged in paragraphs third and fourth of the complaint is not within the Statute of Frauds).
Motion denied.