Bernard S. Meyer, J.
Defendant moves to amend his answer to set up the defense of Statute of Frauds. Plaintiff opposes claiming laches and points to the fact that the matter is now on the Day Calendar. The motion is denied, not because it would be improvident to permit the amendment (see Estersohn v. Hardy Metal Specialties, 277 App. Div. 891), but because the defense is insufficient. The cause of action alleged is based on a contract of partnership providing for equal sharing of profits and losses and admittedly terminable at will. It is claimed that the Statute of Frauds applies nonetheless because it is alleged that on dissolution the partner then servicing partnership clients producing gross annual fees as of the date of dissolution greater than the gross annual fees derived from the clients serviced by the other would pay one half of three years’ annual “ excess fees ” to the other, such payment to be made one-third cash on disolution, and the balance, without interest, in equal consecutive monthly installments over a two-year period, with provision for acceleration should there *633 be a failure to make any one payment when due. The applicability of the Statute of Frauds depends upon whether the contract may be performed within a year, however unlikely it may be that it will in fact be so performed. The endurance of defendant’s liability is the deciding factor. (Martocci v. Greater New York Brewery, 301 N. Y. 57; Nat Nal Service Stations v. Wolf, 304 N. Y. 332; Zupan v. Blumberg, 2 N Y 2d 547.) Here defendant’s liability under the contract would terminate upon dissolution if at that time the gross annual fees of both partners were equal, and even if they were unequal might be terminated by payment in full by defendant upon dissolution. Defendant could, since the balance was without interest, make prepayment at any time. The provision for partial payment did not impose upon defendant a liability to make payments for two years if he chose to pay in less. On the date of dissolution the entire amount due was known (or computable) and its payment depended not, as in the salesman’s commission cases, upon the will of third parties, but upon the will of the defendant, a party to the contract. The Statute of Frauds, therefore, does not apply.
Short-form order signed.