Charles T. Major, J.
This is a claim for personal injuries and property damage resulting from a highway accident. The claim was duly filed on April 23, 1954, and has not been assigned or submitted to any other court or tribunal for audit or determination.
About 1:30 a.m., on February 17, 1954, claimant was driving his 1952 Brockway tractor, with 1941 Fruehauf trailer attached, *175 in a northerly direction on New York State Route No. 57. About two miles south of Fulton, the tractor-trailer left the highway, struck and broke-off a telephone pole, and came to a stop in an orchard. Claimant maintains that this accident was caused by one of the front wheels striking a hole in the pavement, causing him to lose control of the vehicle.
At the time of the accident, it was raining and visibility was poor. There was no snow on the highway and it was not snowing at the time. Claimant’s windshield wipers were operating, and his headlights were on low beam. He used his foot brake, but did not use his emergency brake. He met no vehicles. There was another truck about one-half mile ahead of him, going in the same direction.
On the day after the accident, claimant returned to the accident scene, observed a hole, and directed the taking of photographs. He made no actual measurements of distances, and testified only from his observations and estimates. He did not appear certain which hole he struck, but testified that his front tires were eight inches wide, and only the large hole would cause him trouble.
About 3:00 a.m., or one and one-half hours after the accident, Trooper Secor arrived at the scene of accident, and made observations and measurements. He testified that claimant’s tractor-trailer was 90 feet from the east shoulder of the road. The first hole was 180 feet south of where claimant’s tractor-trailer left the pavement, or 270 feet from the hole to the point where the tractor-trailer came to a stop. This hole was 1 foot long, 1 foot wide and 3 inches deep. About 131/2 feet south thereof was another hole 4 feet long, 2 feet wide and 2 inches deep. About 84 feet farther south was a third hole, 2 feet long, 11/2 inches wide and 3 inches deep. There was also a fourth hole farther south, which was 4 feet long, 2 feet wide and 3 inches deep. The holes were a few inches over the center line and in the west lane.
The highway had a concrete base with a macadam top, and the holes indicate breaks in the macadam. Some of these holes had been there for a considerable time, but were patched on January 23, 1954, February 1, 1954 and February 16, 1954, the day before the accident, by filling with winter patch and tamping it down. Winter weather may have affected the patches made. There is no evidence to guide the court as to the material or process used to make the patches, or what the standard practice was under such circumstances. The claimant offered no evidence that the patches were not in accordance with *176 standard practice. The evidence presented by claimant did not establish that the State failed in its duty of reasonable care. It also does not appear that the State had sufficient notice that the patch or patches did not hold.
Claimant was familiar with the road, having been over it many times. Although he testified that he was traveling about 35 miles per hour, from the physical facts and circumstances surrounding this accident, the court is constrained to find that the claimant was traveling much faster. It is common knowledge that winter weather conditions and usage inflict serious breaks upon macadam highways. Claimant was well aware of all the conditions to be encountered. The size and depth of the holes in the area of the accident would not be hazardous if claimant observed the obligation imposed upon him by law to keep his motor vehicle under control at all times. Prior to and at the time of the accident, claimant did not operate his vehicle as a prudent man should under similar circumstances, which constitutes negligence.
The claim is, therefore, dismissed and judgment is directed accordingly.