■ · Joseph Gray, Respondent, v. Lewis Lurie et al., Copartners Doing Business as M. Lurie & Co., Appellants.— Appeal from a judgment of the Supreme Court, Schenectady County in favor of the plaintiff, entered upon a decision of the court after trial without a jury. The action was brought for a balance alleged to be owing for compensation under a contract of employment. The plaintiff was originally employed on March 1, 1952, to manage a department of the defendants' business, at the total salary of $10,000 per year, it being agreed that the plaintiff was to receive $100 per week, with additional advances as needed from time to time, the final adjustment to be made at the end of the fiscal year of the employer, the following February 1. This arrangement was continued for three years. On or before February 1, 1955, the plaintiff was advised by the managing partner of the defendant firm that, because of the decline of business, the old arrangement could not be continued but that the drawing account of $100 per week would be continued and that the payment of any additional amount would depend upon the volume of business transacted in the department under the plaintiff's supervision. According to the defendants' proof, the plaintiff accepted this new arrangement. Despite slight differences, the plaintiff's own testimony on the whole supported the defendants' version of the conversation. The only material addition by the plaintiff was that he told the defendants that, if he found that the amount which he was earning was insufficient, he reserved the right to leave at any time on 30 days' notice. About July 31, 1955, the managing partner of the defendants told the plaintiff that, judging by the volume of business to that date, the plaintiff would be paid a total of about $8,500 for the fiscal year ending February 1, 1956. Shortly thereafter, the plaintiff gave notice that he would leave and he accordingly left on August 27, 1955. Up to that date, he had received $3,000 at the rate of $100 per week, and advances in the amount of $1,600, and he had purchased merchandise in the amount of $275, making a total of $4,875. At the rate of $10,000 per year, he would have received about $5,800 up to the time he left and he sued for the difference between that amount and the amount which he had received. The trial court gave judgment for the plaintiff, taking the view that the new arrangement was too indefinite to be enforcible and hence that it could not operate to extinguish the prior agreement. The new arrangement undoubtedly was too indefinite and uncertain to be enforcible as a contract (*Varney* v. *Ditmars*, 217 N. Y. 223; *Von Reitzenstein* v. *Tomlinson*, 249 N. Y. 60). However, it does not follow that the old contract for $10,000 per year remained in effect. It was not essential to an effective termination of the old contract that there be a new contract in definite and enforcible terms. The plaintiff contends that the original contract of employment was one at will (citing *Martin* v. *New York Life Ins. Co.*, 148 N. Y. 117 and *Watson* v. *Gugino*, 204 N. Y. 535) but in view of the plaintiff's own testimony that the original hiring was "for at least a year", we are of the opinion that the defendants are right in their contention that the contract of employment was for a definite term of one year, renewable by mutual consent from year to year (*Cuppy* v. *Stollwerck Bros.*, 216 N. Y. 591; *Gressing* v. *Musical Instrument Sales Co.*, 222 N. Y. 215; 1 Williston on Contracts [Rev. ed.], § 39). But this point of difference is not a material one in this case. Whichever construction is adopted, the contract was terminable on February 1,

1955, and it is clear from the evidence that it was terminated on that date. If the old contract was a yearly contract renewable from year to year, it expired by its terms on February 1, 1955, since that was the date of expiration of the last renewal year and unquestionably there was no mutual election to renew it. If the contract was a contract at will, it was terminable at the option of either party at any time and it was terminated by the employer on February 1, 1955 (*Horowitz* v. *La France Ind.*, 274 App. Div. 46). The new contract being an unenforcible one, the remedy of the plaintiff was to seek a recovery in *quantum meruit* for the value of the services rendered under it, if he claimed that their value was in excess of the amount he had received from them (*Varney* v. *Ditmars, supra*). There was no proof in the case that the plaintiff's services were worth more than the $4,875 he had received. The judgment for the plaintiff must therefore be reversed and a new trial ordered. The defendants counterclaimed for $1,875, the amount of the advances plus the amount of the merchandise purchases, on the theory that there was no obligation to pay a bonus unless the plaintiff stayed the whole year. The trial court dismissed the counterclaim, and that part of the determination we think should be upheld. Since there was no enforcible agreement requiring the plaintiff to work for a year, there was no breach on his part in leaving earlier. While the agreement to pay the plaintiff a bonus or an additional amount at the end of the year was too indefinite to be enforcible, the advances were voluntarily made to apply on account of any bonus which might ultimately be decided upon. In the absence of a specific agreement to repay the amount of the advances, they were not recoverable by the employer, even though the employee left before the time when the total bonus was to be determined and paid (*Pease Piano Co.* v. *Taylor*, 197 App. Div. 468, affd. 232 N. Y. 504; *Posner* v. *Precision Shapes*, 271 App. Div. 435). There was no proof of an agreement on the part of the plaintiff to repay the advances. On the contrary, it appears from the evidence that one of the defendants gave the plaintiff a memorandum at the time he left, showing that the amount which he had received approximately equalled the amount to which he was entitled to that date on the basis of $8,500 per year, which was the amount the defendants estimated would be the total payable to the plaintiff for the year. This indicated that the defendants did not expect the plaintiff to repay any part of the advances, even though he was leaving before the end of the year. Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.