## (September 23, 1957)

■ Max T. Cattieu, Respondent, v. Vernon N. Gridley, Appellant.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The only findings contained in the record before us in support of the decision sought to be reviewed are those made by the Trial Judge following his resignation from office. Such findings are of no validity. Absent from the record any proper findings, intelligent, judicial review is impossible. All concur. (Appeal from a judgment of Wayne County Court for plaintiff in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Kimball and Williams, JJ.

■ Donald E. Raes, Appellant, v. So-Lite Furniture Corp. et al., Respondents.— Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Memorandum: Appeal from an order of the Supreme Court, Monroe County, Special Term, which granted defendants' motion to dismiss the complaint on the ground that the alleged oral contract was unenforcible because it violated the Statute of Frauds. The complaint alleged an agreement "whereby the said defendant employed the plaintiff as a salesman and Assistant Sales Manager at a salary of Eighty-five ($85.00) Dollars per week, plus one (1%) percent of the gross sales of the company during the period of his employment, said percentage to be computed at an annual rate, together with travelling expenses." We cannot agree that this contract was incapable of being performed within one year from the making thereof. Employment contracts having no stated duration are terminable at the will of either party. (Watson v. Gugino, 204 N. Y. 535.) It is only where rights survive the termination of the contract, such as the employee's right to a percentage of all future billings to a customer secured by him, that contracts of indefinite duration have been held to be within the bar of the Statute of Frauds. (Zupan v. Blumberg, 2 N Y 2d 547; Martocci 'v. Greater New York Brewery, 301 N. Y. 57.) Here, future rights and liabilities under the contract in question depend entirely on the will of the contracting parties, not upon that of a stranger to the agreement. This being so, the contract should be given effect. (Nat Nal Service Stations v. Wolf, 304 N. Y. 332; Rathbone v. Mion, 282 App. Div. 797.) The fact that the employee's earnings were to some extent based on the employer's annual sales merely provides a method of computation having no bearing on the duration of the contract. We also feel that the cause of action based on quantum meruit should not have been dismissed. In this situation the Statute of Frauds would not bar a cause so framed, even if we were of the opinion that it barred the action on the express contract. (Harmon v. Peats Co., 243 N. Y. 473, 476; Wells v. Dent, 4 A D 2d 307, 309.) All concur. (Appeal from an order of Ontario Special Term granting a motion by defendants for dismissal of plaintiff's complaint.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.

■ John Hogan, Appellant, v. State of New York, Respondent. (Claim No. 32558.) — Judgment affirmed, without costs of this appeal to either party. All concur, except, McCurn, P. J., and Bastow, J., who dissent and vote to reverse and grant a new trial on the ground that the findings of the trial court on the questions of negligence and contributory negligence are against the weight of the credible evidence. (Appeal from a judgment of the Court of Claims dismissing a claim for damages for personal injuries and for property damage to claimant's tractor-trailer alleged to have been caused by reason of defective condition of State highway.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ. [2 Misc 2d 174.]