■ HERBERT CRON, Respondent, v HARGRO FABRICS, INC., Appellant. [655 NYS2d 531] —Order of the Supreme Court, New York County (Ira Gammerman, J.), entered October 15, 1996, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff in this action seeks to recover millions of dollars in compensation allegedly due him pursuant to an oral contract setting forth the terms of his employment with defendant. According to the complaint, the subject contract provided that "[d]uring each of the calendar years 1990-1995, Defendant * * * agreed to compensate Plaintiff for his services by payment of an annual salary as adjusted yearly and, in addition thereto, a yearly bonus equal to twenty (20%) percent of the Defendant's annual pre-tax profits". Defendant has sought dismissal of the complaint upon the ground that the alleged oral contract, even if made, is rendered nugatory by the Statute of Frauds, which provides in relevant part that "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith * * * if such agreement, promise or undertaking * * * By its terms is not to be performed within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]). Acknowledging that to come within this part of

the statute an agreement must "by [its] very terms have absolutely no possibility in fact and law of full performance within one year" (*D & N Boening v Kirsch Beverages*, 63 NY2d 449, 454), we are nonetheless compelled to conclude that the presently alleged agreement does indeed fall within the statutory ambit. The obligations imposed under that agreement, prospectively for calendar years 1990 through 1995, were not fully dischargeable for any given calendar year prior to the computation and payment of plaintiff's annual salary and bonus. And, as the latter was to be computed as a percentage of defendant's annual pre-tax profits, it is plain that the amount owing was not ascertainable much less payable before the passage of the applicable calendar year. Indeed, if it were not self-evident, the necessity of the defendant's awaiting the completion of the calendar year before completely satisfying its alleged contractual obligation to pay plaintiff his annual bonus, is essentially acknowledged by the plaintiff, who states in an affidavit that, although defendant commenced paying his bonus prior to the end of the calendar year based on an estimate of annual pre-tax earnings, the actual amount of the bonus was not in fact finally determined until March or April of the following year, at which time he would be issued an adjustment check.

Our conclusion that the presently alleged oral agreement falls within the Statute of Frauds is, of course, in accordance with and, indeed, required by our prior decisions dealing with the applicability of the Statute of Frauds to oral agreements similarly providing for the fixing of compensation on the basis of annual profits (*Briefstein v Rotondo Constr. Co.*, 8 AD2d 349, 350) or annual gross receipts (*Babtkis Assocs. v Tarazi Realty Corp.*, 34 AD2d 754). Nor is a contrary conclusion dictated by the holding of the Appellate Division, Fourth Department in *Raes v So-Lite Furniture Corp.* (4 AD2d 851). Although *Raes* also involved a situation in which compensation was to be computed on the basis of amounts unascertained at the time of the contract's making, the contract in *Raes* (*supra*) provided only that the plaintiff therein would be entitled to 1% " 'of the gross sales of the company during the period of his employment' " and, in thus failing to specify a relevant period of a year or longer for computational purposes, left open the possibility that any amounts owing to the plaintiff might be computed and paid within a period shorter than a year. That is a possibility which does not exist under the presently alleged contract since compensation thereunder is explicitly to be computed as a percentage of *annual* pre-tax profits.

Finally, although plaintiff's employment with defendant was

not for a definite time period and was thus terminable at will, it does not follow that the alleged contract of employment between plaintiff and defendant was therefore fully performable within a year. While the employment relationship was undoubtedly terminable at any time, the contract quite evidently imposed upon the employer obligations which persisted in excess of a year, even if plaintiff's employment should end sooner. We have, of course, specifically recognized that a contract providing for an at will employment relationship may still fall within the statute where, as here, the contract also provides for the defendant's performance of contractual obligations that cannot be performed except after the passage of more than a year since the contract's making (see, *Goldberg v Select Indus.*, 202 AD2d 312). Concur—Murphy, P. J., Sullivan, Milonas and Tom, JJ.