OPINION OF THE COURT
 

 Smith, J.
 

 The primary issue presented is whether an alleged oral agreement to pay a bonus consisting of a percentage of a company’s annual pretax profits is within the Statute of Frauds and unenforceable unless in writing. We conclude that the possibility that the employee’s compensation must be calculated after the passage of a year does not, standing alone, bring the agreement within the one-year proscription of the Statute of Frauds. The order of the Appellate Division should be reversed.
 

 As alleged in his complaint, plaintiff was employed by defendant corporation, a converter of textile fabrics, for approximately 13 years before he was discharged in January 1996. During each of the calendar years 1990 through 1995, defendant allegedly agreed to compensate plaintiff for his employment services with an annual salary equal to the salary of the defendant’s president. Plaintiff also alleged that defendant agreed to pay plaintiff a bonus equal to 20% of defendant’s annual pretax profits. When plaintiff discovered that his compensation during this period was not in accordance with the parties’ alleged oral understanding, he commenced the present action. Specifically, plaintiff claimed that defendant had failed to pay him the proper share of defendant’s annual pretax profits as agreed. Plaintiff further claimed that defendant’s president had received a salary “far in excess” of his own.
 

 Defendant moved to dismiss plaintiff’s complaint pursuant to CPLR 3211 (a) (5) based upon the Statute of Frauds
 
 {see,
 
 General Obligations Law § 5-701 [a] [1]). In support of the motion, defendant claimed that the salary of its president “included a percentage of the annual net sales” of defendant. According to defendant, neither the annual net profits nor the annual net sales could be determined “according to usual accounting methods” until “sixty days into the next calendar year.” Since plaintiff’s claims for compensation could not be calculated within a period of one year, defendant argued that the Statute of Frauds rendered the alleged oral agreement unenforceable.
 

 Defendant also argued that it never agreed to pay plaintiff a salary equal to that of the defendant’s president. Furthermore, defendant claimed that it never guaranteed plaintiff a bonus. Although bonuses had been paid in the past, defendant argued
 
 *365
 
 that such payments and the amounts thereof were determined in the “sole discretion” of defendant’s president and based upon plaintiff’s performance and the company’s past and potential performance.
 

 Plaintiff failed to submit any documentary proof of the alleged compensation agreement in response to defendant’s motion. Plaintiff explained that an agreement regarding his compensation was reached through annual discussions with defendant’s president. In these discussions, the parties would reach an agreement as to the company’s anticipated profits for the year. Plaintiff would then receive “equal monthly payments on account towards this bonus” based upon the estimation of profits. Plaintiff also affirmed that his employment was terminable at will and that:
 

 “[i]n the event that my employment ceased * * * during any given year, I would have been entitled only to receive my annual base salary and bonus percentage computed to the last day of my employment. My share of the pre-tax profits for any given year would have been payable only with regard to the business that the company had transacted up to the point of my termination.”
 

 In its reply papers on its dismissal motion, defendant argued that it would be unable to pay plaintiff a bonus “computed to the last day” of plaintiff’s employment if such employment were terminated prior to the end of the year as plaintiff claimed. Defendant argued that its business was “highly seasonal,” with significant variations in profitability at different times of the year. Thus, any bonus based upon a percentage of the profits “could not be determined in a meaningful and fair way until the company’s profits as a whole are calculated after the end of the calendar year.”
 

 Supreme Court denied the dismissal motion. In so ruling, the court reasoned that “the fact that an employee’s earnings were to some extent based on the employer’s annual sales merely provides a method of computation and does not bear on the duration of the contract.”
 

 The Appellate Division reversed, granted the motion and dismissed the complaint. The Court recognized that the “amount owing was not ascertainable much less payable before the passage of the applicable calendar year.” (238 AD2d 181, 182.) The Court concluded that “[w]hile the employment relationship was undoubtedly terminable at any time, the contract
 
 *366
 
 quite evidently imposed upon the employer obligations which persisted in excess of a year, even if plaintiffs employment should end sooner”
 
 {id.,
 
 at 183).
 

 This Court granted leave to appeal and we now reinstate Supreme Court’s order denying dismissal of the complaint.
 

 DISCUSSION
 

 On a CPLR 3211 motion made against a complaint, a court must take the allegations as true and resolve all inferences which reasonably flow therefrom in favor of the pleader
 
 (see, Sanders v Winship,
 
 57 NY2d 391, 394). In opposition to such a motion, a plaintiff may submit affidavits “to remedy defects in the complaint” and “preserve inartfully pleaded, but potentially meritorious claims”
 
 (Rovello v Orofino Realty Co.,
 
 40 NY2d 633, 635, 636;
 
 but see, American Indus. Contr. Co. v Travelers Indem. Co.,
 
 42 NY2d 1041, 1043). Though limited to that purpose, such additional submissions of the plaintiff, if any, will similarly be “given their most favorable intendment”
 
 (Arrington v New York Times Co.,
 
 55 NY2d 433, 442).
 
 *
 

 New York law provides that an agreement will not be recognized or enforceable if it is not in writing and “subscribed by the party to be charged therewith” when the agreement “[b]y its terms is not to be performed within one year from the making thereof’ (General Obligations Law § 5-701 [a] [1]). We have long interpreted this provision of the Statute of Frauds to encompass only those contracts which, by their terms, “have absolutely no possibility in fact and law of full performance within one year”
 
 (D & N Boening v Kirsch Beverages,
 
 63 NY2d 449, 454). As long as the agreement may be “fairly and reasonably interpreted” such that it may be performed within a year, the Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame
 
 (Warren Chem. & Mfg. Co. v Holbrook,
 
 118 NY 586, 593;
 
 see also, Kent v Kent,
 
 62 NY 560, 564;
 
 Nat Nal Serv. Stas. v Wolf,
 
 304 NY 332, 335;
 
 North Shore Bottling Co. v Schmidt & Sons,
 
 22 NY2d 171, 175;
 
 Polykoff Adv. v Houbigant, Inc.,
 
 43 NY2d 921, 922 [contract “which by its terms (could) be performed within a year * * * would be without the statute even if, as a practical matter, it were well nigh impossible of performance within a year”];
 
 D & N Boening
 
 
 *367
 

 v Kirsch Beverages, supra,
 
 63 NY2d, at 455 [statute will not bar agreement where “there might be any possible means of performance within one year * * * in whatever manner and however impractical”]).
 

 It is undisputed that the alleged employment was terminable at will. An at-will employment relationship may be “freely terminated by either party at any time for any reason or even for no reason” with limited exceptions not relevant here
 
 (Murphy v American Home Prods. Corp.,
 
 58 NY2d 293, 300;
 
 see also, Martin v New York Life Ins. Co.,
 
 148 NY 117, 121;
 
 Wieder v Skala,
 
 80 NY2d 628;
 
 Sabetay v Sterling Drug,
 
 69 NY2d 329). Under these principles, an at-will employment relationship may usually be completed within a year and ordinarily would not require performance to extend beyond that time. Indeed, we have typically held that employment agreements of this type are without the proscription of the Statute of Frauds concerning one-year performance (see,
 
 e.g., Weiner v McGrawHill, Inc.,
 
 57 NY2d 458, 463 [“the agreement * * * whether terminable at will or only for just cause, is not one which, ‘by its terms’, could not be performed within one year and, therefore, is not one which is barred”] [citation omitted];
 
 Nat Nal Serv. Stas. v Wolf,
 
 304 NY 332,
 
 supra; Murphy v American Home Prods. Corp., supra,
 
 58 NY2d, at 305, n 2).
 

 Despite being terminable at will, defendant argues that the employment relationship at issue falls within the Statute of Frauds because the calculation of plaintiffs bonus would necessarily occur after the passage of a year. However, we are satisfied in this particular pleading context that that singular facet of the alleged agreement does not bring it within the bar of the Statute of Frauds.
 

 It has been stated that “[c]ourts have specifically and consistently held that the presence of bonus or salary terms payable after one year does not bring a long-term indefinite employment contract within the [Statute of Frauds]”
 
 (Hodge v Evans Fin. Corp.,
 
 823 F2d 559, 565 [DC Cir];
 
 see, e.g., White Light. Co. v Wolfson,
 
 68 Cal 2d 336, 438 P2d 345;
 
 Kneeland v Shroyer,
 
 214 Ore 67, 328 P2d 753;
 
 Miller v Riata Cadillac Co.,
 
 517 SW2d 773;
 
 Dennis v Thermoid Co.,
 
 128 NJL 303, 25 A2d 886, 887;
 
 cf.,
 
 Restatement [Second] of Contracts § 130 [2]). While this Court has not yet addressed this precise issue, we have generally required that full performance under the subject agreement be capable within a year or wholly completed to avoid application of the Statute of Frauds
 
 (see, e.g., Tyler v Windels,
 
 186 App Div 698, 700 [“under the decisions in the State of New York noth
 
 *368
 
 ing short of full performance by both parties will take the contract out of the operation of the statute”],
 
 affd
 
 227 NY 589;
 
 Meyers v Waverly Fabrics, 65
 
 NY2d 75, 79 [“Plaintiffs full performance of her obligations under the contract within a year is insufficient to take the oral contract out of the statute * * * and we decline plaintiffs invitation to hold her unilateral performance sufficient to do so”];
 
 see also, Broadwell v Getman, 2
 
 Denio 87;
 
 Smith v Graham, 277
 
 App Div 1116;
 
 Cunnison v Richardson Greenshields Sec.,
 
 107 AD2d 50). Indeed, under a plain reading of New York’s statutory language of General Obligations Law § 5-701, the provision relates to the performance of the
 
 contract
 
 and not just of one party thereto.
 

 Applying the rationale that full performance by all parties must be possible within a year to satisfy the Statute of Frauds, some courts have found employment agreements similar to the one at issue — the payment of a bonus based upon a percentage of a year’s profits/sales — to be unenforceable. For example, in
 
 Briefstein v Rotondo Constr. Co.
 
 (8 AD2d 349), the First Department held that an agreement whereby payments would “not be ascertainable until a period beyond the year during which the contract would run, and hence not be payable or performable within the year,” was unenforceable under the Statute of Frauds (8 AD2d, at 350;
 
 see also, Babtkis Assocs. v Tarazi Realty Corp.,
 
 34 AD2d 754 [plaintiffs “full commission cannot be determined until a computation based on the gross receipts is made at the end of each year. Therefore, the agreement as pleaded by plaintiff is not to be performed within one year and, inasmuch as it is not evidenced by any note or memorandum, it would be void under the Statute of Frauds”]).
 

 However, other departments of the Appellate Division have applied different reasoning in cases involving compensation paid after a year which directly conflicts with that of the First Department. In
 
 Raes v So-Lite Furniture Corp.
 
 (4 AD2d 851), the Fourth Department held that “[t]he fact that the employee’s earnings were to some extent based on the employer’s annual sales merely provides a method of computation having no bearing on the duration of the contract” and thus, the Statute of Frauds was inapplicable
 
 (id.).
 
 The Second Department is in accord with this view
 
 (see, Gold v Benefit Plan Adm’rs,
 
 233 AD2d 421).
 

 A thorough discussion of this issue can be found in
 
 Rifkind v Web IV Music (67
 
 Misc 2d 26) where the court was concerned with an at-will employment relationship which could be terminated prior to the completion of a year. Although the
 
 *369
 
 employer’s determination of plaintiffs salary was based upon one percent of net sales, which necessarily would extend beyond the time that plaintiffs employment ceased, the court held that
 

 “that aspect concerns a duty which came into fruition prior to the passing of a year and relates to past performance only. The fact that the amount of the payment due may not be ascertained until some future time creates no new obligations. Such future satisfaction of a pre-existing liability involves the matter of computation only and is merely mechanical in its application” (67 Misc 2d, at 34).
 

 As applied to the circumstances presented, we conclude that such reasoning is consistent with our precedents on this issue and should be adopted. In
 
 Martocci v Greater N. Y. Brewery
 
 (301 NY 57), this Court examined an oral employment agreement which provided that commission payments on all sales (with no terminable point) would be paid to plaintiff. This Court stated that
 

 “the terms of the contract are such that the relationship will continue beyond a year, it is within the statute, even though the continuing liability to which defendant is subject is merely a contingent one. The endurance of defendant’s liability is the deciding factor” (301 NY, at 62-63;
 
 see, Cohen v Bartgis Bros. Co.,
 
 264 App Div 260,
 
 affd
 
 289 NY 846;
 
 Zupan v Blumberg, 2
 
 NY2d 547;
 
 D & N Boening v Kirsch Beverages,
 
 63 NY2d 449,
 
 supra; see also, Polykoff Adv. v Houbigant, Inc.,
 
 43 NY2d 921,
 
 supra).
 

 In this line of cases, the plaintiffs performance had ended. However, this Court noted that a contractual obligation to remit newly arising payments would continue indefinitely without any means of termination by the employer. Moreover, the agreements at issue would require the employer to continue performing under business relationships originally initiated by the plaintiff while in defendants’ employ. Such continuing responsibilities of the employer would necessitate new payments to the plaintiff indefinitely. Thus, plaintiff, though no longer employed by defendant, was seeking to charge his former employer with indefinite liability in the absence of any writing subscribed by the employer to evince the assumption of such continuing obligations.
 

 
 *370
 
 These cases were distinguished in
 
 Nat Nal Serv. Stas. v Wolf
 
 (304 NY 332,
 
 supra)
 
 and
 
 North Shore Bottling Co. v Schmidt & Sons
 
 (22 NY2d 171,
 
 supra)
 
 where the contractual relationships were terminable by either party or by the employer within a year. In this latter circumstance, the Statute of Frauds was inapplicable. As we stated in
 
 Martocci v Greater N. Y. Brewery
 
 (301 NY 57), “If the terms of the contract here had included an event which might end the contractual relationship of the parties within a year, defendant’s possible liability beyond that time would not bring the contract within the statute” (301 NY, at 62). From these precedents, we hold that when the employment relationship is terminable within a year and the measure of compensation has become fixed and earned during the same period, the sole obligation to calculate such compensation will not bring the contract within the one-year proscription of the Statute of Frauds.
 

 We are cognizant that the limited rule articulated here may represent a slight modification of language in previous case law concerning the necessity of full performance by all parties within a year to satisfy the Statute of Frauds. We conclude, nevertheless, that the particular circumstances presented warrant a slightly different analysis that remains consistent with our precedents as well as the overriding purpose of the Statute of Frauds. The Statute of Frauds was originally rooted in the prevention of “fraud in the proving of certain legal transactions particularly susceptible to deception, mistake and perjury”
 
 (D & N Boening v Kirsch Beverages, supra,
 
 63 NY2d, at 453) but not “ ‘to afford persons a means of evading just obligations’ ”
 
 (Cohon & Co. v Russell,
 
 23 NY2d 569, 574, quoting 4 Williston, Contracts § 567A, at 19-20 [3d ed]). Since the measure of defendant’s obligation to compensate its employee is fixed within a year, the dangers envisioned by the Statute of Frauds do not come into play. Of course, as in this case, other defenses may be applicable and a plaintiff must still prove that such an agreement was made.
 

 The arguments on the instant appeal are reasonably distinguishable from cases where the agreement regarding compensation is unenforceable because it is “indefinite and uncertain” and the employee is restricted to a recovery under a quantum meruit theory
 
 (Varney v Ditmars,
 
 217 NY 223;
 
 see also, Von Reitzenstein v Tomlinson,
 
 249 NY 60). Here, the employment relationship is terminable within a year and the alleged bonus compensation required to be paid is fixed within that period though possibly affected by mere calculations thereafter. Under
 
 *371
 
 such circumstances, we see no reason to conclude that the Statute of Frauds should prevent enforcement of the parties’ alleged agreement when all that remains following the termination of the employment relationship is an obligation to pay the employee’s compensation which has been earned and fixed within a year.
 

 Alternatively, we note that defendant’s dismissal motion should be denied under reasoning generally applicable to other contracts since plaintiffs allegations raise a question of fact as to whether complete performance by all parties was capable within a year. As an at-will employee, plaintiffs employment with defendant could have ended at any time. Plaintiff further alleges facts which, if true, support the conclusion that each party’s contractual performance would not have necessarily extended beyond a year. For example, plaintiff alleges that if his employment had ended within a calendar year, he would only have been due a bonus calculated from the profits made by defendant up until the date of plaintiffs termination or resignation. Defendant counters that this percentage calculation would not be “meaningful and fair.” While defendant’s contention might undermine a conclusion that it agreed to the claimed compensation, the argument does not negate the clear implication of plaintiffs assertion here — that full performance of both parties was possible and achievable within a year.
 

 For all of the foregoing reasons, the order of the Appellate Division should be reversed, with costs, and defendant’s motion to dismiss the complaint should be denied.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Levine, Ciparick and Wesley concur.
 

 Order reversed, etc.
 

 *
 

 It is presumed that the alleged agreement was never reduced to a writing subscribed by defendant. Plaintiff has failed to come forward with documentary proof of the subject agreement in opposition to defendant’s CPLR 3211 motion based upon the Statute of Frauds
 
 (see, Mendelsohn v Levine,
 
 24 AD2d 1007).