■ SYLVIA RADNAY, Respondent, v CHARGE & RIDE, INC., Appellant, et al., Defendants. [697 NYS2d 664] —In an action to recover damages for breach of contract, the defendant Charge & Ride, Inc., appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated April 21, 1998, which, after

a nonjury trial, *inter alia*, was in favor of the plaintiff and against it in the principal sum of $30,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for breach of an alleged oral agreement she entered into with the defendant Charge & Ride, Inc. (hereinafter C & R). At trial, the plaintiff testified that she purchased the "radio rights" to two radios used in C & R's radio dispatch car business. In return, she was to be paid the rental fees collected from the drivers/vehicles using the radios. The plaintiff was familiar with C & R through a friend, the defendant John Lionakis, who was an officer of C & R. She testified that Lionakis assured her that the investment was sound and that C & R would repurchase her radio rights should she become dissatisfied. In fact, she testified, approximately one year after her initial purchase, C & R, acting through Lionakis, repurchased the rights to her first radio and resold them. However, she claimed, that despite due demand, C & R had refused to repurchase the rights to her second radio.

C & R did not deny that the plaintiff purchased the subject radio rights or that Lionakis had repurchased the rights to her first radio. However, C & R denied that it agreed to repurchase the plaintiff's radio rights, or that any alleged representations by Lionakis to that effect were binding on C & R. C & R argued that, in any event, enforcement of the alleged oral agreement was barred by the Statute of Frauds.

In the judgment appealed from, the Supreme Court, crediting the testimony of the plaintiff, found that an oral agreement had been made for the repurchase of the plaintiff's radio rights, and that such an agreement was enforceable as against C & R. The Supreme Court further found that the agreement was not barred by the Statute of Frauds. We now affirm.

Contrary to C & R's assertions on appeal, the oral agreement at issue was not within the Statute of Frauds. The Statute of Frauds, codified in General Obligation Law § 5-701, provides, *inter alia*, that an agreement, promise or undertaking is void unless embodied in a writing or writings and signed by the party to be charged if by its terms, it is not to be performed within one year from the making thereof. The Court of Appeals has interpreted this time limitation as follows: " '[i]t is not the meaning of the statute that the contract must be performed within a year * * * if the obligation of the contract is not, by its very terms, or necessary construction, to endure for a longer period than one year, it is a valid agreement, although it may be capable of an indefinite continuance' * * * In other

words, as another court expressed the matter, 'the statute only applies to agreements which are, by express stipulation, not to be performed within a year' " (*North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 175-176). Thus, the Statute of Frauds concerns only those agreements which, by their terms, "have absolutely no possibility in fact and law of full performance within one year" (*D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454). As long as the agreement may be " 'fairly and reasonably interpreted' such that it may be performed within a year, the Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame" (*Cron v Hargro Fabrics,* 91 NY2d 362, 366; *see also, Freedman v Chemical Constr. Corp.,* 43 NY2d 260). Here, the oral agreement at issue was not by its very terms or necessary construction to endure longer than one year. Rather, although the agreement was capable of an indefinite continuance, the agreement could have been fully performed within a year of the making thereof. Thus, the agreement was not within the Statute of Frauds.

Finally, the Supreme Court did not err in holding that the judgment was enforceable as against C & R. The record supports a finding that the representations made by Lionakis to the plaintiff were made in his capacity as an officer of C & R with the implied or apparent authority to bind C & R, and that C & R, by its conduct both before and after the initial sale of the radio rights, ratified the agreement (*see, Greene v Hellman,* 51 NY2d 197; *Ford v Unity Hosp.,* 32 NY2d 464; *C.E. Towers Co. v Trinidad & Tobago [BWIA Intl.] Airways Corp.,* 903 F Supp 515). S. Miller, J. P., O'Brien, Ritter and Florio, JJ., concur.