Randall I. RACKSON, Plaintiff–
Appellee,

v.

Howard B. SOSIN, Defendant–
Appellant.

No. 00–7687.

United States Court of Appeals,
Second Circuit.

March 16, 2001.

Philip A. Lacovara, Mayer, Brown & Platt, New York, NY, for appellant.

Robert B. Fiske, Jr., Davis Polk & Wardwell, New York, NY, for appellee.

Present MESKILL, PARKER, and KATZMANN, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant–Appellant Howard B. Sosin, appeals from a February 15, 2000 amended judgment following a jury verdict in favor of plaintiff-appellee, Randall I. Rackson, and the order entered April 28, 2000 denying appellant's motions under Fed. R.Civ.P. 50(b) and 59 .[1] Sosin challenges the jury's finding that a sufficiently definite agreement, either express or implied, performable within one year existed. Additionally, he argues that: the evidence was insufficient to establish a fiduciary relationship and breach; and the district court improperly barred parts of his testimony.[2]

Rackson and Sosin were close personal friends and business colleagues. From 1985–1987, they worked at Drexel Burnham Lambert, and from 1987–1992 Sosin was a joint venturer at AIG–FP, and Rackson was one of his Senior Executive Vice–Presidents. Sosin's deal with both companies gave him a percentage of profits that he could allocate to his employees as bonuses as he chose. After bonuses were allocated to other employees Rackson and Sosin would sit down and discuss their relative contributions to the business that year, and divide up the remainder accordingly. In 1993, after the joint venture terminated, Sosin failed to allocate bonus compensation to Rackson.

This is a diversity action in which all parties agree New York law applies.

Denial of a Rule 50(b) motion is reviewed de novo, applying the same "suffi-ciency of the evidence" standard that governs the district court's determination of the motion. *United States v. Landau*, 155 F.3d 93, 100 (2d Cir.1998) (RKW, *FIP*, Schwarzer) (citations omitted).

■ Sosin's definiteness argument fails since the amount of bonus compensation in this case is determinable by reference to extrinsic events. *See Martin Delicatessen v. Schumacher*, 52 N.Y.2d 105, 110, 436 N.Y.S.2d 247, 417 N.E.2d 541 (1981). Therefore, viewing the evidence in the light most favorable to Rackson, as this Court must, a specific and definite agreement was proved, and the jury's verdict on Rackson's contract claim is upheld.

■ Additionally, the parties course of dealing over many years is sufficient to establish a basis for finding an implied contract. *See Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494, 508 (S.D.N.Y. 1989) (the course of dealing between the parties evidences an implied promise that semi-annual bonus payments constituted a term of plaintiff's employment).

■ Regarding the Statute of Frauds claim, the New York Court of Appeals has stated that a contract that is by its own terms terminable within one year is not governed by the Statute of Frauds. *See D & N Boening v. Kirsch Beverages*, 63 N.Y.2d 449, 454, 483 N.Y.S.2d 164, 472 N.E.2d 992 (1984). Further, if the terms of the contract include an event that might end the contractual relationship within a year, the contract is not within the Statute

1. Although Sosin purportedly appeals from the denial of his Rule 59 motion, nowhere does his brief set forth an argument as to why the district court's denial of the Rule 59 motion should be reversed. In view of this failing, Sosin has waived such an argument.

2. We note that Sosin also argues, for the first time on appeal, that: (1) the verdict is tainted; (2) the agreement between Rackson and Sosin is unenforceable because it is a modification of Rackson's written employment agreement with AIG–FP; (3) Sosin was acting as an agent for AIG–FP, and may not be held personally liable; and (4) Rackson's action is precluded by a general release he signed exonerating AIG, AIG–FP, and its agents, of which he was one, from all claims. Usually, this Court will not consider an issue raised for the first time on appeal, therefore we do not address these claims. *See Bayway Ref. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 222 n. 2 (2d Cir.2000).

of Frauds. *See Cron v. Hargro Fabrics, Inc.,* 91 N.Y.2d 362, 370, 670 N.Y.S.2d 973, 694 N.E.2d 56 (1998). The Rackson/Sosin agreement provided that Rackson was to receive additional compensation as long as he was working with Sosin and Sosin was at the firm as well. The terms of the agreement included an event that could end the contractual relationship of the parties within a year if the joint venture was terminable within a year. The joint venture was terminable with nine months notice by either Sosin or AIG. Since the oral agreement would come to an end upon such termination, it was performable within one year and fell outside the Statute of Frauds.

Additionally, in any year that the oral agreement came to an end, the measure of compensation due to Rackson was "fixed and earned" within that year within the meaning of *Cron* because Sosin's obligation to Rackson "concern[ed] a duty which came into fruition prior to the passing of a year and relate[d] to past performance only." *Cron,* 91 N.Y.2d at 369, 670 N.Y.S.2d 973, 694 N.E.2d 56 (citation omitted) (internal quotation marks omitted). The agreement to allocate a part of that year's compensation pool to Rackson did not obligate Sosin indefinitely or impose new obligations or liabilities on Sosin extending beyond that year.

As set forth above, the evidence was sufficient to find an express or an implied contract not barred by the Statute of Frauds. Therefore, this Court need not reach the appellant's remaining defenses because the verdict is sustainable based on either contract finding alone.

For the reasons set forth above, the judgment of the district court is AF-FIRMED.