■ Benjamin Lifshitz, Appellant, v BMW Financial Services NA, Inc., Respondent. [723 NYS2d 699] —In a purported class action to recover damages resulting from the alleged failure of the defendant to comply with the New York Motor Vehicle Retail Leasing Act (Personal Property Law § 330 *et seq.*), the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Gigante, J.), dated June 19, 2000, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and (2) a judgment of the same court dated July 26, 2000, which dismissed the complaint. The plaintiff's notice of appeal from the order dated June 19, 2000, is deemed to also be a notice of appeal from the judgment *(see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff brought this purported class action to recover damages on behalf of himself and a class of persons similarly situated based on the defendant's alleged failure to comply with certain notice provisions of the New York State Motor Vehicle Retail Leasing Act (Personal Property Law § 330 *et seq.*).

To determine a motion to dismiss a complaint for failure to state a cause of action, the court must accept the allegations of the complaint as true, and must give them the benefit of every favorable inference *(see, Cron v Hargro Fabrics,* 91 NY2d 362, 366; *Leon v Martinez,* 84 NY2d 83, 87; CPLR 3211 [a] [7]). Contrary to the plaintiff's contention, the facts as alleged did not state a viable cause of action *(see, Leon v Martinez, supra,* at 88).

The plaintiff's remaining contentions are without merit. Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.