■ ROSE MELISO et al., Respondents, v FRANKLIN PINTER et al., Appellants. [735 NYS2d 428] —In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Kitson, J.), entered May 29, 1998, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), and granted the plaintiffs' cross motion for leave to amend the complaint.

Ordered that the order is affirmed, without costs or disbursements.

On a motion to dismiss pursuant to CPLR 3211, a court must accept as true the facts as alleged within the four corners of the complaint and accord the plaintiffs the benefit of every possible favorable inference to determine whether the allegations fit within any cognizable legal theory (see, Leon v Martinez, 84 NY2d 83, 87; Guggenheimer v Ginzburg, 43 NY2d 268, 275; Rovello v Orofino Realty Co., 40 NY2d 633). Viewing the plaintiffs' complaint under this guideline, we find that they have sufficiently stated causes of action for breach of an oral contract. Furthermore, since the terms of the oral contract as alleged in the complaint may be performed within one year, the Statute of Frauds does not apply (see, Cron v Hargro Fabrics, 91 NY2d 362, 366; D & N Boening v Kirsch Beverages, 63 NY2d 449, 454; North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171, 175).

Finally, the Supreme Court providently exercised its discretion in granting the plaintiffs leave to amend the complaint to clarify the terms of the alleged oral contract (see, CPLR 3025 [b]). Krausman, J. P., Luciano, Adams and Prudenti, JJ., concur.