■ Mary McGarvey, Respondent, v Foley, Hickey, Gilbert & O'Reilly et al., Appellants. [741 NYS2d 858] —Order, Supreme Court, New York County (Jane Solomon, J.), entered May 3, 2001, denying defendants' motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, with costs.

Accepting plaintiff's allegations as true and resolving all reasonable inferences from those allegations in plaintiff's favor, as we must in the present procedural context (*see*, *Cron v Hargro*, 91 NY2d 362, 366), the complaint sufficiently pleads a claim for sexual harassment based on a hostile work environment. Plaintiff's allegations portray the subject workplace as one "permeated with 'discriminatory intimidation, ridicule, and insult,' * * * that is 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment'" (*Harris v Forklift Sys., Inc.*, 510 US 17, 21, quoting *Meritor Sav. Bank, FSB v Vinson*, 477 US 57, 65, 67) and that the ridicule and insults were gender-based. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Wallach and Gonzalez, JJ.

■ Jose Vigo, Respondent, v New York Hospital et al., Appellants. [741 NYS2d 859] —Order and judgment (one paper), Supreme Court, New York County (Donna Mills, J.), entered January 31, 2001, which, upon a jury verdict as reduced pursuant to plaintiff's stipulation, awarded plaintiff damages, unanimously affirmed, without costs.

The jury's affirmative verdict as to defendant-physician's liability in this medical malpractice action by a departure from accepted medical standards during the brain tumor operation was supported by sufficient evidence as a matter of law (*see*, *Cohen v Hallmark Cards*, 45 NY2d 493, 498-499). Given the severity and permanence of the neurological injuries resulting from defendants' malpractice, the verdict, as reduced pursuant to plaintiff's stipulation following the partial grant of defendants' posttrial motion to set aside the verdict, awarding plaintiff $7 million for past and future pain and suffering, does not deviate materially from what is reasonable compensation under the circumstances (*see*, CPLR 5501 [c]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Wallach and Gonzalez, JJ.