■ JOHN H. PRATT, JR., Respondent, v BII INC. et al., Appellants. [749 NYS2d 214]

Plaintiff was hired as BII's president pursuant to a letter of October 1993 which provided, inter alia, that plaintiff would get an annual bonus of 10% of the earnings after interest, before taxes, and which contained certain representations regarding BII's then-current and prospective profitability. In spring 1994, when plaintiff's review of financial records demonstrated that BII had not been profitable in 1993, he discussed his bonus clause with one of BII's owners and claimed that a "new principle" had been agreed as the basis for calculating his bonus. The trial court used the new principle as a basis, in part, for calculating plaintiff's damages, even though plaintiff testified that this new basis for calculating his bonus "was not quantified." Plaintiff's description of the alleged oral modification of the parties' letter agreement providing for a bonus showed, at best, only an agreement to agree, and is otherwise too indefinite to be enforceable (*see Gray v Lurie*, 3 AD2d 956). Plaintiff acknowledged that he was never paid a bonus on the basis of the alleged amendment and that he never sought to enforce the alleged amendment while still employed by

defendant. Nor did plaintiff raise it in his postresignation letter, which sought only an advance on the bonus for the last fiscal year of his employment. While we do not disturb the credibility findings of the trial court which are amply supported by the record, we are nonetheless constrained to modify the final judgment by removing those damages attributable to the alleged amended bonus formula. Under these circumstances, where plaintiff always accepted bonus payments calculated in accordance with the parties' writing, there is insufficient extrinsic evidence to support the different formula first urged by plaintiff in this action (cf. Rackson v Sosin, 14 Fed Appx 23, 24-25 [2d Cir]), and the trial court's acceptance of that formula was error. Accordingly, the judgment should be reduced by the adjustment attributable to the alleged amendment, to wit, $89,854. However, further reduction is not warranted by defendants' challenges to the trial court's adjustments to their claimed income. While defendants are correct that the letter agreement did not in any way restrict their power to employ their standard accounting procedures, we decline to disturb the trial court's findings, based largely on credibility, that such procedures were not standard but rather utilized in bad faith to minimize plaintiff's bonus (cf. Heller v Boylan, 29 NYS2d 653, 683, affd 263 App Div 815). We have considered defendants' other arguments and find them unavailing. Concur—Andrias, J.P., Buckley, Wallach, Lerner and Rubin, JJ.