■ KAYLA JAMES, an Infant, by Her Mother and Natural Guardian, ATARA JAMES, et al., Respondents, v LORAN REALTY I TO IV CORP. et al., Appellants, et al., Defendant. [802 NYS2d 50]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered August 7, 2004, which denied defendants-appellants' motion and cross motion to dismiss the amended complaint as against them for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiffs' factual allegations, accepted as true and liberally construed as they must be at this procedural juncture (*see Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]), and particularly as amplified by their documentary submissions (*see id.; Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]), suffice to set forth legally cognizable claims against defendants-appellants. Appellants' affidavits were patently insufficient to show conclusively (*see id.*) that they should be shielded from liability because they are individuals and corporate entities distinct from the judgment-proof corporation that owned the premises where the infant plaintiff allegedly sustained lead poisoning. Indeed, appellants' affidavits in no way disproved plaintiffs' factual allegations setting forth a web of corporate financing arrangements evidently initiated for the purpose of leaving real properties owned by defendants overindebted and judgment-proof. Those allegations, together with plaintiffs' documentary evidence, most notably a mortgage spreader agreement, were sufficient to make out a cause of action against appellants assigning liability by piercing the corporate veil (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Marlow, Ellerin, Williams and McGuire, JJ.