WILLARD STILLMAN, Respondent, v EDWARD KALIKOW et al., Appellants, et al., Defendants. [802 NYS2d 714]—

In an action, inter alia, to recover damages for breach of contract, the defendants Edward Kalikow, Kalikow Development Associates, Ltd., Eugene Shalik, K&S Parkside Village, LLC, and K&S Auburn, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated September 21, 2004, as denied those branches of their motion which were for summary judgment dismissing the first, second, third, and fourth causes of action insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the third cause of action insofar as asserted against the appellants, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1996 the plaintiff was retained by the defendants Edward Kalikow and Eugene Shalik on an independent contractor basis, inter alia, to seek opportunities for possible investment in and development of real estate by a company owned by Kalikow and Shalik, Kalikow Development Associates (hereinafter KDA). The parties' relationship ended in 2001.

In the complaint, inter alia, asserting causes of action to recover damages for breach of contract and for an accounting, the plaintiff claimed that the appellants owed him compensation in connection with five real estate development projects for which he rendered services on their behalf. For three of the projects—joint ventures known as Parkside, Auburn, and Morrisville—the plaintiff's services allegedly included, among other things, negotiating the joint ventures and marketing the properties to potential tenants. In connection with a project known as Waterford, the plaintiff claimed that he had procured a purchaser for a portion of that property, and that he was entitled to a real estate commission. He also asserted a claim for punitive damages as well as a cause of action for an accounting in connection with a project known as Floriday.

According to the plaintiff, he, Kalikow, and Shalik orally agreed that his compensation for any projects for which he rendered services on their behalf was to be based on a compensation formula as set forth in paragraph 10 of the complaint. That formula, he contended, was based on a memorandum dated March 5, 1998, from Shalik to the plaintiff, which outlined his proposed compensation in connection with another project, known as Circuit City. Shalik and Kalikow both denied that the compensation formula set forth in the March 5, 1998, memorandum was ever intended to apply to projects other than the Circuit City project.

The appellants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the statute of frauds barred enforcement of the alleged agreement. The Supreme Court granted those branches of the appellants' motion which were to dismiss the fifth and sixth causes of action, and denied those branches of the motion which were to dismiss the first, second, third, and fourth causes of action.

The Supreme Court properly denied those branches of the appellants' motion which were for summary judgment dismissing the first, second, and fourth causes of action relating to Parkside, Auburn, and Morrisville. General Obligations Law § 5-701 (a) (1) provides that an agreement is void if, by its terms, it "is not to be performed within one year from the making thereof" unless it "or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith" (*see Cron v Hargro Fabrics*, 91 NY2d 362 [1998]; *Durante Bros. Constr. Corp. v College Point Sports Assn.*, 207 AD2d 379 [1994]). The statute encompasses only those agreements which, by their terms, "have absolutely no possibility in fact and law of full performance within one year" (*D & N Boening v Kirsch*

*Beverages,* 63 NY2d 449, 454 [1984]; *see Zuccarini v Ziff-Davis Media,* 306 AD2d 404 [2003]; *Air Masters v Bob Mims Heating & A.C. Serv.,* 300 AD2d 513, 515 [2002]; *Radnay v Charge & Ride,* 266 AD2d 194, 196 [1999]). "As long as the agreement may be 'fairly and reasonably interpreted' such that it may be performed within a year, the Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame" (*Cron v Hargro Fabrics, supra* at 366, quoting *Warren Chem. & Mfg. Co. v Holbrook,* 118 NY 586, 593 [1890]; *see Radnay v Charge & Ride, supra*).

The defendants established their prima facie entitlement to summary judgment by presenting evidence that the services the alleged agreement contemplated would be rendered by the plaintiff with respect to Parkside, Auburn, and Morrisville could not be completed within a year. According to Kalikow's and Shalik's deposition testimony, the plaintiff's services in connection with those projects involved, inter alia, monitoring the development of a project, including the construction process, which generally took from 12 to 14 months. However, in opposition, the plaintiff testified that his services primarily involved negotiating the joint venture for a project, a process that could be completed within six months. Accordingly, the plaintiff raised a triable issue of fact as to whether the alleged agreement was removed from the statute of frauds (*see Cron v Hargro Fabrics, supra; EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr.,* 13 AD3d 476 [2004]; *Zuccarini v Ziff-Davis Media, supra; Radnay v Charge & Ride, supra*). Contrary to the defendants' contention, the mere fact that the alleged agreement envisioned that the plaintiff's compensation with respect to a particular project would be calculated over a period exceeding one year does not bring the agreement within the statute of frauds as " '[s]uch future satisfaction of a pre-existing liability involves the matter of computation only and is merely mechanical in nature' " (*Gold v Benefit Plan Adm'rs,* 233 AD2d 421 [1996], quoting *Rifkind v Web IV Music,* 67 Misc 2d 26, 34 [1971]; *see also Cron v Hargro Fabrics, supra*).

The defendants also argue that Kalikow's and Shalik's deposition testimony to the effect that the plaintiff was entitled to "some compensation" for services rendered in connection with Parkside and Auburn did not constitute admissions sufficient to render the statute of frauds inapplicable. It is unnecessary to reach this issue in light of our determination that an issue of fact exists as to whether the alleged agreement is removed from the statute of frauds pursuant to General Obligations Law § 5-701 (a) (10).

The Supreme Court erred in determining that the appellants were not entitled to summary judgment with respect to the third cause of action relating to Waterford. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to his entitlement to a real estate commission in connection with that project (*see* General Obligations Law § 5-701 [a] [10]).

The parties' remaining contentions are without merit. Krausman, J.P., Goldstein, Skelos and Covello, JJ., concur.