JOHN MICENA, Appellant, v DARREN JAY KATZ, Respondent. [890 NYS2d 619]—

The plaintiff allegedly loaned the defendant the sums of $75,000 in September 2004 and $7,300 in October 2004. The parties did not memorialize their agreement in writing. When the defendant failed to repay either loan, the plaintiff commenced this action alleging two causes of action: that the defendant breached the parties' September 2004 oral agreement by

failing to repay the plaintiff the sum of $75,000 plus interest, and that the defendant breached the parties' October 2004 oral agreement by failing to repay the plaintiff the sum of $7,300 plus interest.

The defendant moved for summary judgment dismissing the first cause of action alleging breach of the September 2004 oral agreement on the ground that it was barred by the statute of frauds. In support of his motion, the defendant cited to the plaintiff's complaint which alleged, "[t]hat on or about July 17, 2006, plaintiff . . . demanded that the defendant . . . repay said loan upon a payment schedule consisting of a down payment of $10,000.00 and thirty-six (36) monthly payments of $2,049.81."

The Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the first cause of action. The plaintiff now appeals.

Pursuant to the statute of frauds, an agreement not reduced to writing is void if, by its terms, it cannot be performed within one year of its making (see General Obligations Law § 5-701 [a] [1]; *D & N Boening v Kirsch Beverages*, 63 NY2d 449, 454 [1984]; *Stillman v Kalikow*, 22 AD3d 660 [2005]; *Miranco Contr., Inc. v Perel*, 29 AD3d 873 [2006]). Only those agreements which, by their terms, "have absolutely no possibility in fact and law of full performance within one year" will fall within the statute of frauds (*D & N Boening v Kirsch Beverages*, 63 NY2d at 454). If it can be fairly and reasonably interpreted that an oral agreement "may" be performed within the year, the statute of frauds does serve as a bar to recovery even if it is unlikely or improbable that performance of the agreement will be completed in that one-year period (see *Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]; *Stillman v Kalikow*, 22 AD3d at 662).

The defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the first cause of action alleging breach of the September 2004 oral agreement, as he presented no evidence establishing the terms of the September 2004 loan at the time that it was made. The Supreme Court erroneously considered the terms offered in July 2006 to resolve the defendant's failure to repay the plaintiff as evidence of the original terms (see CPLR 4547), and, accordingly, should not have granted the defendant's motion. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.