The complaint alleged that the decedent, Sylvester Kuchynskas, and the plaintiff Jane Hauck (hereinafter Hauck) entered into an agreement in which the decedent agreed to make a testamentary disposition to Hauck in exchange for certain nursing services performed by the plaintiffs during the decedent’s lifetime. The first cause of action sought to recover damages for breach of the agreement.
*862 Contrary to the plaintiffs’ contention, the Supreme Court properly, in effect, granted that branch of the motion of the defendant Lillian Lombardo, individually and as executrix of the estate of Sylvester Kuchynskas, which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action insofar as asserted against her. An agreement to make a testamentary disposition of any kind must be in writing and signed by the party to be charged (see EPTL 13-2.1 [a] [2]). Since the complaint did not allege the existence of an enforceable written agreement between the decedent and Hauck, the plaintiffs failed to state a cause of action (see EPTL 13-2.1 [a] [2]; Dombrowski v Somers, 41 NY2d 858, 859 [1977]; Matter of Morse, 1 AD3d 516, 517 [2003]; Matter of Urdang, 304 AD2d 586, 587 [2003]). Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.