■ SHURA GLINSKAYA, Appellant, v ALLEN ZELMAN, as Administrator of the Estate of JOSEPH BERGER, Deceased, Respondent, et al., Defendants. [9 NYS3d 350]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Kings County (Lopez Torres, S.), dated June 14, 2013, as granted those branches of the motion of the defendant Allen Zelman, individually and as administrator of the estate of Joseph Berger, which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for breach of contract, in quantum meruit, for unjust enrichment for services rendered, for fraud insofar as asserted against him, and to impose a constructive trust insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The decedent, Joseph Berger, and the plaintiff had a long-time domestic relationship. The plaintiff alleged that she cohabited with the decedent over many years, and performed certain services for him, at least in part because of a promise he made that he would bequeath her his estate. The decedent, however, died intestate. The plaintiff commenced this action against various defendants, including Allen Zelman, who is the administrator of the decedent's estate and a distributee. The complaint alleged several causes of action, including breach of contract, quantum meruit, unjust enrichment for services rendered, fraud, and to impose a constructive trust. The Surrogate's Court granted those branches of Zelman's motion, made in his capacity as administrator, and individually, which were to dismiss those causes of action insofar as asserted against him.

The Surrogate's Court correctly granted that branch of Zelman's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for breach of

contract insofar as asserted against him. An agreement to make a testamentary disposition of any kind must be in writing and signed by the party to be charged (*see* EPTL 13-2.1 [a] [2]; *Hauck v Lombardo*, 99 AD3d 861, 862 [2012]). Since the complaint did not allege that her agreement with the decedent was in writing, the plaintiff failed to state a cause of action to recover damages for breach of contract (*see Hauck v Lombardo*, 99 AD3d at 862).

The Surrogate's Court also properly granted that branch of Zelman's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to impose a constructive trust against him, as the plaintiff failed to allege all of the elements necessary for the imposition of a constructive trust (*see Binenfeld v Binenfeld*, 146 AD2d 663, 664-665 [1989]). The purpose of a constructive trust is not to avoid the disappointment of unrealized expectations, but to remedy, where appropriate, a breach of a relationship of trust (*see id.*; *Marini v Lombardo*, 39 AD3d 824, 825-826 [2007]; *Nastasi v Nastasi*, 26 AD3d 32, 38-39 [2005]).

The Surrogate's Court also properly granted those branches of Zelman's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action sounding in quantum meruit and unjust enrichment for services rendered insofar as asserted against him. Quantum meruit and unjust enrichment are equitable remedies with their own prerequisites, not merely devices to give effect to unenforceable contracts (*see Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 484 [1991]; *cf. Morone v Morone*, 50 NY2d 481, 489 [1980]).

The Surrogate's Court also properly granted that branch of Zelman's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for fraud insofar as asserted against him. Among other deficiencies in her allegations, the plaintiff failed to allege that Zelman made any misrepresentation to her (*see Mariano v Fiorvante*, 118 AD3d 961, 962 [2014]; *cf. RBE N. Funding, Inc. v Stone Mtn. Holdings, LLC*, 78 AD3d 807, 809 [2010]). Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.