Pare v Aalbue (2023 NY Slip Op 06377)

Pare v Aalbue

2023 NY Slip Op 06377

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-06517
2021-06518
2021-06527
 (Index Nos. 152776/18, 15887/19)

[*1]Claire Pare, appellant, 
v
Marianne Aalbue and Janice Pare Shirley, as executors of the estate of Doris Pare, respondent. (Action No. 1.)
Claire Pare, appellant,
v
Janice Pare Shirley, respondent. (Action No. 2.)

Claire Pare, Staten Island, NY, appellant pro se.
Higgins & Trippett LLP, New York, NY (Lewis P. Trippett of counsel), for respondents.

DECISION & ORDER
In related actions to recover damages for breach of contract, tortious interference with contract, fraud, and violation of General Obligations Law § 5-1505, which were joined for discovery and trial, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Lisa Grey, J.), dated August 16, 2021, (2) a clerk's judgment of the same court dated August 19, 2021, and (3) a clerk's judgment of the same court dated August 20, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaints. The judgment dated August 19, 2021, upon the order, dismissed the complaint in Action No. 1. The judgment dated August 20, 2021, upon the order, dismissed the complaint in Action No. 2.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment dated August 19, 2021, is modified, on the law, by deleting the provision thereof dismissing so much of the cause of action in Action No. 1 to recover damages for breach of contract as was predicated upon an alleged agreement requiring Doris Pare to pay the plaintiff an amount equal to the plaintiff's siblings; as so modified, the judgment dated August 19, 2021, is affirmed, without costs or disbursements, that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss that portion of the cause of action in Action No. 1 to recover damages for breach of contract is denied, the order is modified accordingly, that portion of that cause of action is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for severance of that portion of that cause of action and further proceedings on that portion of that cause of action; and it is further,
ORDERED that the judgment dated August 20, 2021, is modified, on the law, by [*2]deleting the provision thereof dismissing the cause of action in Action No. 2 alleging a violation of General Obligations Law § 5-1505 and so much of the cause of action in Action No. 2 alleging tortious interference with contract as was predicated upon an alleged agreement requiring Doris Pare to pay the plaintiff an amount equal to the plaintiff's siblings; as so modified, the judgment dated August 20, 2021, is affirmed, without costs and disbursements, those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the cause of action in Action No. 2 alleging a violation of General Obligations Law § 5-1505 and so much of the cause of action in Action No. 2 alleging tortious interference with contract as was predicated upon an alleged agreement requiring Doris Pare to pay the plaintiff an amount equal to the plaintiff's siblings are denied, the order is modified accordingly, those causes of action are reinstated, and the matter is remitted to the Supreme Court, Richmond County, for severance of those causes of action and further proceedings on those causes of action.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the related actions (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2011, the plaintiff allegedly entered into an oral agreement with her mother, Doris Pare (hereinafter the mother). Pursuant to the terms of the alleged oral agreement, in exchange for the plaintiff agreeing not to sue the mother over Roth accounts held by the plaintiff's deceased father, the mother promised to pay the plaintiff an amount equal to any amounts she issued to the plaintiff's siblings from certain accounts. The oral agreement, in effect, allegedly required that the mother list the plaintiff as a beneficiary on any transfer upon death accounts to the extent her siblings were beneficiaries thereon.
After learning that the mother had paid each of the plaintiff's siblings at least $10,000 annually for several years while not distributing an equal amount to the plaintiff, the plaintiff commenced related actions, which were subsequently joined for purposes of discovery and trial. In Action No. 1, the plaintiff sought to recover damages against the mother for, inter alia, the mother's breach of the alleged oral contract. In Action No. 2, the plaintiff sought damages against her sister, the defendant Janice Pare Shirley (hereinafter Janice and, together with the mother, the defendants), who was the mother's attorney-in-fact by a power of attorney executed by the mother in 2017, for tortious interference with contract, fraud, and violation of General Obligations Law § 5-1505.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaints in both actions. In an order dated August 16, 2021, the Supreme Court, inter alia, granted that branch of the motion which was to dismiss the cause of action in Action No. 1 to recover damages for breach of contract with respect to the alleged oral agreement as violating the statute of frauds, and also granted that branch of the motion which was to dismiss the cause of action in Action No. 2 alleging tortious interference with contract because there was no valid oral agreement. The court, among other things, also granted those branches of the motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action in Action No. 2 for fraud and violation of General Obligations Law § 5-1505 for failure to state a cause of action. By judgments dated August 19, 2021, and August 20, 2021, upon the order, the complaints were dismissed. The plaintiff appeals. While the appeal was pending, the mother died, and Marianne Aalbue and Janice, as executors of the mother's estate, were substituted for the mother in Action No. 1.
To the extent that the plaintiff alleges that the mother breached the oral agreement by failing to list the plaintiff as a beneficiary on the mother's transfer upon death accounts, that portion of the breach of contract cause of action was properly dismissed. An agreement to make a testamentary disposition of any kind must be in writing and signed by the party to be charged (see EPTL 13-2.1[a][2]). As the complaint in Action No. 1 did not allege the existence of an enforceable written agreement between the plaintiff and the mother, the plaintiff failed to state a cause of action to recover damages for breach of contract predicated upon the mother's failure to list the plaintiff as a beneficiary on her transfer upon death accounts, a kind of testamentary disposition (see [*3]Blackmon v Estate of Battcock, 78 NY2d 735, 740; Glinskaya v Zelman, 128 AD3d 771, 771-772; Hauck v Lombardo, 99 AD3d 861, 862).
As to the remainder of the breach of contract cause of action, the statute of frauds concerns those agreements which, by their terms, "have absolutely no possibility in fact and law of full performance within one year" (D & N Boening v Kirsch Beverages, 63 NY2d 449, 454; see General Obligations Law § 5-701[a][1]; Radnay v Charge & Ride, 266 AD2d 194, 196). Here, although the portion of the alleged oral agreement that required the mother to make payments to the plaintiff in amounts equal to those payments the mother made to the plaintiff's siblings was capable of an indefinite continuance, it could have been fully performed within a year of its making (see Starr v Akdeniz, 162 AD3d 948, 949; Radnay v Charge & Ride, 266 AD2d at 196). Accordingly, the Supreme Court should not have granted that branch of the defendants' motion which was to dismiss the entire breach of contract cause of action as violating the statute of frauds.
The defendants contend, in effect, that the entire breach of contract cause of action in Action No. 1 should have been dismissed pursuant to CPLR 3211(a)(7) for failure to state a cause of action. We address this contention as alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539).
"'The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach'" (East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 886, quoting WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1021-1022). "Generally, a party alleging a breach of contract must demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement" (Canzona v Atanasio, 118 AD3d 837, 839 [internal quotation marks omitted]). Where the terms of an alleged oral agreement are vague or indefinite, they will not support a cause of action alleging breach of contract (see id. at 839). Nevertheless, "the 'terms of a contract [do not] need [to] be fixed with absolute certainty' to give rise to an enforceable agreement" (LMEG Wireless, LLC v Farro, 190 AD3d 716, 719, quoting Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 107 [internal quotation marks omitted]). Here, with respect to the portion of the alleged oral agreement requiring the mother to pay the plaintiff an amount equal to any amounts she paid to the plaintiff's siblings, the complaint sufficiently alleged all of the essential elements of a breach of contract cause of action, including the material terms of the alleged oral agreement between the mother and the plaintiff, necessary to survive a motion to dismiss pursuant to CPLR 3211(a)(7) (see Matter of Bullard, 206 AD3d 489, 490; Ripa v Petrosyants, 203 AD3d 768, 770; Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 726, 728).
Accordingly, the Supreme Court should not have dismissed the breach of contract cause of action against the mother, except insofar as that cause of action was predicated upon the mother's failure to list the plaintiff as a beneficiary on her transfer upon death accounts.
"The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006; see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424). Here, the Supreme Court properly dismissed so much of the tortious interference with contract cause of action in Action No. 2 as was predicated upon the mother's failure to list the plaintiff as a beneficiary on the transfer on death accounts, as that portion of the alleged oral agreement is unenforceable. However, assuming that the facts alleged in the complaint are true and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the complaint sufficiently sets forth a cause of action sounding in tortious interference with contract, alleging that the plaintiff sustained damages when Janice intentionally and improperly interfered with the portion of the alleged oral agreement requiring the mother to pay the plaintiff an amount equal to any amounts the mother paid to the plaintiff's siblings, and aided the mother in her breach [*4]of that portion of the agreement (see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 628, 628-629; Hersh v Cohen, 131 AD3d 1117, 1119). Thus, the court should not have dismissed so much of the tortious interference with contract cause of action as was predicated upon the portion of the oral agreement that required the mother to pay the plaintiff an amount equal to her siblings.
Further, the Supreme Court should not have dismissed the cause of action in Action No. 2 alleging violation of General Obligations Law § 5-1505. The complaint alleged that the plaintiff was listed as a beneficiary on some of the mother's transfer upon death accounts in 2012, and further alleged that Janice misused the authority provided to her in the mother's 2017 power of attorney to remove the plaintiff as a beneficiary from the mother's transfer upon death accounts. The defendants failed to provide evidence that conclusively demonstrated that the plaintiff had no cause of action against Janice for misusing the power of attorney granted to her by the mother in 2017.
However, the Supreme Court properly dismissed the cause of action in Action No. 2 to recover damages for fraud for failure to state a cause of action. "'The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages'" (Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 712, quoting New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353-1354). "Where a cause of action is based on a misrepresentation or fraud, 'the circumstances constituting the wrong shall be stated in detail'" (Kastin v GEICO Gen. Ins. Co., 190 AD3d at 712, quoting Hiu Ian Cheng v Salguero, 164 AD3d 768, 770 [internal quotation marks omitted]; see CPLR 3016[b]). Here, the plaintiff's allegations in support of the cause of action alleging fraud consisted of conclusory assertions, and thus, were insufficient to state a cause of action to recover damages for fraud (see Kastin v GEICO Gen. Ins. Co., 190 AD3d at 712; New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d at 1354). Accordingly, the court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the fraud cause of action in Action No. 2.
The parties' remaining contentions either are without merit, are not properly before us, or need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court